* Parker, C. J.,
delivered the opinion of the Court.
The identical bills, paid by Sargent to the defendant, were proved to be the property of the plaintiff. They were committed to Sargent, as a carrier, to pay to the order of the plaintiff. They came into the hands of the defendant unlawfully ; for gaming is unlawful by our statute. The defendant could have gained no property in them, even as against Sargent, who might have recovered them back within three months. Any other person might have recovered double the amount, without limitation of time; and the defendant was further liable to indictment. How then can he have a right to retain against the true owner, any more than he would a horse, or any other chattel, acquired in the same way ? It is true, in such a case, trover would have been the proper action; and, perhaps, would have been the better action in this case, but for the difficulty of identifying bank notes.
We do not see, however, why the action for money had and received will not lie. The notes were paid and received as money; and as to any want of privity, or any implied promise, the law seems to be, that where one has received the money of another, and has not a right conscientiously to retain it, the law implies a promise that he will pay it over.
Had Sargent paid the money to an innocent person, for a valuable consideration, or to satisfy a debt of his own, the case might *455 have been different; as it would be mischievous to require of persons, who receive money in the way of business, or in pay ment of debts, to look into the authority of him from whom they receive it.

Judgment on the verdict.