Kreutz *v.* Livingston.

---

KREUTZ *v.* LIVINGSTON *et als.*

An action for money had and received to the use of plaintiff lies whenever the defendant has in his hands money of plaintiff's, which in equity and conscience he has no right to retain; and this, whether there be or not any contract or privity between the parties.

Defendants were the holders of a mortgage, executed by the Yreka Water Co. and B. to them, to secure advances made, and to be made, by themselves and others, to said company. Plaintiff had made advances to the company, and was one of the persons intended to be secured by the mortgage, though not a party

Kreutz *v.* Livingston.

thereto. Defendants assign the mortgage, receive the consideration therefor, but refuse to pay any portion of the money to plaintiff, who sues for money had and received to his use. *Held,* that the action lies, that defendants are in possession of money which in equity and conscience they are bound to pay over.

*Held,* further, that defendants occupied toward plaintiff the position of trustees, and that the money sued for was received in that character; that it is of no consequence that the trust was created by a contract to which plaintiff was not a party, as he subsequently assented to it, and defendants cannot now repudiate it, and retain money which they would not otherwise have received.

APPEAL from the Ninth District.

Complaint avers, in substance, as follows: In April, 1855, plaintiff loaned to certain members of the Yreka Water Co. $1,000, for the use and benefit of the company, taking the note of such members therefor, payable in six months. May 24th, 1855, the company, as party of the first part, and one Brooks, as party of the third part, executed a mortgage on the ditch and flumes of the company, to defendants, to secure $64,000, payable in nine months. The mortgage stipulated that defendants should not claim more than was actually due, and that it was executed, and was to be held by defendants, "for themselves and others, who may or shall join with them in furnishing and advancing, selling and delivering to the party of the third part, goods, chattels or cash, for and on account of the party of the first part, and who join with the party of the second part (defendants) in an agreement of this date, between the same parties identically as the parties to said" mortgage.

In accordance with this stipulation, the defendants, with certain other parties, of whom plaintiff is not averred to be one, executed a contract, of the same date with the mortgage, in favor of said company and Brooks, in which they agree to furnish to said Brooks, for and on account of, and at the instance and request of defendants, goods, chattels, or cash, to the amount of $64,000, inclusive of $24,000 already had and received by said defendants. The $1,000 loaned by plaintiff was part of this $24,000, and to secure the payment of which defendants received the mortgage aforesaid.

In June, 1857, defendants, for a full and valuable consideration, to them paid, sold and assigned the mortgage to the Shasta River Canal Co., whereby they received from the proceeds of said mortgage $2,600, principal and interest due on said note of $1,000, to the use and benefit of plaintiff.

23

Plaintiff sues for this sum, as money had and received to his use by defendants. Defendants demurred, on the ground, mainly, that the complaint did not state facts sufficient to constitute a cause of action. Demurrers sustained, and judgment for defendants for costs. Plaintiff appeals.

*J. Neely Johnson*, for Appellant.

*J. Berry*, for Respondents.

The complaint does . not show any privity between plaintiff and defendants, nor that plaintiff, or the makers of the note for $1,000, recited in the complaint, were parties to the mortgage or agreement mentioned. (5 Cal. 351.) The only parties secured by the mortgage, other than the mortgagees, were those who united with the mortgagees, and signed the agreement bearing even date with the mortgage, and plaintiff has not shown himself to be one of them.

COPE J. delivered the opinion of the Court — BALDWIN, J. and FIELD, C. J. concurring.

The demurrers to the complaint were improperly sustained. The action is for money had and received to the use of the plaintiff, and the facts stated in the complaint show clearly that the defendants are in possession of money which in equity and conscience they are bound to pay over. They were the holders of a mortgage, given to secure the payment of advances made, and to be made, by themselves, and others, to the mortgagors. The plaintiff had made certain advances, and was one of the persons intended to be secured, though not a party to the mortgage. The defendants assigned the mortgage, and received the consideration therefor, but refuse to pay any portion of the money to the plaintiff. We think that, upon proof of these facts, the plaintiff will be entitled to recover. The principal ground of objection is that there is no contract, and consequently no privity between the parties. But it seems to be settled that no privity is required in such a case, except that which results from one person having the money of another, which he has no right conscientiously to retain. In *Hall* v. *Marston*, (17 Mass. 574) one Bradford, being indebted to the plaintiff in the sum of four hundred dollars, and to the defendant in the sum of $1,300, remitted to the latter a bill of exchange for $1,000, with directions, when the amount should be received, to pay to the plaintiff the

Kreutz *v.* Livingston.

sum of two hundred dollars.   The defendant received the amount of the bill, but neglected to pay the plaintiff, and gave him no notice of the remittance.   The action was for money had and received, and it was held that the plaintiff was entitled to recover.   Parker, C. J., in delivering the opinion of the Court, said : " The principal objection to the plaintiff's right of action, is that the case does not show any privity between the plaintiff and the defendant, nor any promise to the defendant; so that, if any action can be maintained, it must be by Bradford against the defendant, for a violation of his implied undertaking to pay the two hundred dollars, according to his instructions. It seems to have been well settled heretofore, that if A promise B, for a valuable consideration, to pay to C, the latter may maintain *assumpsit* for the money.   It is so laid down in many of the authorities cited by the plaintiff's counsel; and it is stated, in Lord C. B. Comyn's Digest, *Assumpsit* E, that if money be given to A to deliver to B, B may have the action; and Roll. Abr. and Hard. Rep. are cited in support of the position.   The principle of this doctrine is reasonable, and consistent with the character of the action of *assumpsit* for money had and received.   There are many cases in which that action is supported without any privity between the parties, other than what is created by law.   Whenever one man has in his hands the money of another, which he ought to pay over, he is liable to this action, although he has never seen or heard of the party who has the right.   When the fact is proved that he has the money, if he cannot show that he has legal and equitable ground for retaining it, the law creates the privity and the promise."   (See *Eagle Bank of New Haven* v. *Smith*, 5 Conn. 71 ; *Dickson* v. *Cunningham*, Mart. & Yerg. 221 ; *Mason* v. *Waite*, 17 Mass. 558 ; *Arnold* v. *Lyman*, 17 Id. 400.)

The case at bar is much stronger than any of the cases cited.   The defendants occupied toward the plaintiff the position of trustees, and the money sued for was received in that character.   It is of no consequence that the trust was created by a contract to which the plaintiff was not a party.   He subsequently assented to it, and the defendants cannot now repudiate it, and retain money which they would not otherwise have received.   The plaintiff is as much entitled to the benefit of the trust as if he had been a party to the contract.

Judgment reversed, and cause remanded for further proceedings.