[S. F. No. 1197.  Department Two.—June 24, 1899.]

QUEEN MONTGOMERY et al., Respondents, v. J. J. RAUER, Appellant.

GUARDIAN AND WARD—DEPOSIT OF WARDS' FUNDS—TRUST—SET-OFF —DEBT OF GUARDIAN.—One who has received on deposit moneys belonging to minors from their guardian, with whom he has re-

lations of personal trust and confidence, and with knowledge of their origin and character as the trust funds of the minors, is the trustee of the minors in relation thereto, and cannot offset or charge against them any individual indebtedness of the guardian to him.

ID.—RECEIPT AND RELEASE BY GUARDIAN—ESTOPPEL—PLEADING—RIGHT OF WARDS TO ATTACK SETTLEMENT.—Where the guardian gave to the depositary a receipt in full of the moneys of the wards, and a release of all demands, the depositary cannot rely upon them as an estoppel against the wards, in an action by them to recover the moneys on deposit, without pleading the estoppel, and where it appears that the settlement was not fair, and the signature of the guardian was obtained through mistake, misrepresentation and fraud, and that fifteen hundred dollars of the moneys of the minors still remained in the hands of the depositary, it is the right of the wards to go behind the settlement and show the facts.

ID.—ELECTION OF WARDS—STATUTE REQUIRING CONSENT OF COURT.—Such release and receipt having been improperly obtained by the depositary from the guardian, the wards have an election either to pursue the guardian and his sureties, or the person with whom the settlement was made; and this is their right, independent of any statute requiring a guardian to obtain the consent of the court to such a settlement.

ID.—BURDEN OF PROOF.—Where the wards took upon themselves the burden of proving the unfairness and fraudulent character of the settlement induced by the depositary, and successfully carried it, it is immaterial whether the burden of proof is properly upon them to impeach the settlement, or whether the duty of showing the fairness of the settlement is upon the depositary.

ID.—PLEADING—AVOIDANCE OF RELEASE FOR FRAUD—ANTICIPATION OF DEFENSE—REBUTTAL.—The wards in an action against the depositary were not bound to anticipate the defense of a release and discharge by the guardian, or to plead an avoidance of it in their complaint on the ground of fraud. If the release and discharge had been pleaded in bar of the action, the plaintiff could have avoided it in rebuttal by proof of fraud, without special averment, and may rebut it by like proof, when offered in evidence by the defendant, without being pleaded.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. William R. Daingerfield, Judge.

The facts are stated in the opinion of the court.

G. H. Perry, and Fisher Ames, for Appellant.

Marcus Rosenthal, for Respondent.

HENSHAW, J.—Plaintiffs, who are minors, sued defendant by an action in form for moneys had and received. Defendant answered, alleging that "the above-named minors have received all of the moneys deposited by their said guardian, Agnes S. Montgomery, with this defendant." He followed this averment by a denial that the sum of four thousand dollars demanded in the complaint, or any other sum of money, was due, owing, and unpaid from him to the plaintiffs. The action was tried before a jury, which returned a verdict against him in the sum of fifteen hundred dollars. From the judgment and from the order denying him a new trial, he appeals.

The following are the salient facts: Mrs. Montgomery was a widow and the mother of the plaintiffs. Defendant Rauer possessed her confidence, and managed many of her business and legal affairs. She was guardian of the estates of her children. She put into Rauer's hands two thousand dollars of her own money and five thousand dollars of the money of the children. Rauer received these funds with full knowledge of their origin, character, and ownership. He knew that the five thousand dollars were the trust funds of the minors, and so received it. Other moneys of Mrs. Montgomery passed into his hands. Over these there is a conflict in the evidence; over the others, none. Defendant contends that he paid back to Mrs. Montgomery more money than he received; also, that in adjusting the accounts and finding the balance, allowance of many sums which should have been credited him was improperly withheld on the ground that they could not be charged against the minors' moneys. He insists that he was justified in offsetting against all the moneys which he had received from Mrs. Montgomery all the payments which he had made to her, and all items chargeable against her, and that he was not accountable to the minors for their separate funds as such.

But Rauer received the children's moneys from their guardian, knowing their character. Knowing them to be trust funds, and having received them as such, he could not charge them with the individual debts of the guardian. (*Wallace v. Brown*, 41 Ind. 436; *Baughn v. Shackleford*, 48 Miss. 255; *Austin v. Willson*, 21 Ind. 252.)

Yet this in many instances is precisely what he attempted to

do. Moreover, there being evidence to establish the fact that a voluntary relation of personal confidence and trust existed between Mrs. Montgomery and Rauer, Rauer became a trustee for the minors under section 2290 of the Civil Code, which declares that: "Everyone who voluntarily assumes a relation of personal confidence with another is deemed a trustee within the meaning of this chapter, not only as to the person who reposes such confidence, but also as to all persons of whose affairs he thus acquired information which was given to such person in the like confidence, or over whose affairs by such confidence he obtained any control." Therefore, if Mrs. Montgomery personally became indebted to him, it was not permissible to charge such debts against the minors' funds. If he repaid the minors' money or any part of it to the guardian, he is, of course, not concerned with the future disposition which she might make of it, nor is he accountable therefor; but he cannot set off against these trust moneys Mrs. Montgomery's individual liability to himself. The court upon this matter correctly instructed the jury. But whether the amount due be estimated upon this basis, or whether it be computed by subtracting from all the moneys in Rauer's hands all payments made by him to Mrs. Montgomery, and all items chargeable against her individually, in either case the evidence supports the verdict.

But for a further defense appellant relies upon two written instruments signed by Mrs. Montgomery before the commencement of this action. One is in form a receipt for the repayment of the sum of five thousand dollars, and is signed by Mrs. Montgomery as guardian of the minors. The other is a longer document and recites that whereas Mrs. Montgomery individually, and as guardian of her children, and J. J. Rauer have settled all of their accounts, "upon which settlement it is mutually agreed and understood that the sum of one hundred dollars is at this present date due and owing from said J. J. Rauer to said Agnes S. Montgomery in her capacity as above stated," therefore, in consideration of the receipt of the sum of one hundred dollars, Agnes Montgomery releases and discharges Rauer from all claims, demands, and charges from the beginning of the world until the present date. It is contended by appellant that this release is absolutely binding upon the parties,

except it be avoided upon some ground of equitable cognizance; that this action is not an action to annul the instrument upon the ground of fraud or mistake, and that therefore the judgment is erroneous. But it is to be noted that the defense does not set up an accord and satisfaction, nor tender an issue upon the release in any way. It rests simply upon a denial that any sum is due from the defendants to the plaintiffs, coupled with an averment that all of the minors' moneys which had come into defendant's hands had been repaid by him. This is an action by the minors to recover their money. Mrs. Montgomery's individual demands against Rauer are in no wise involved. If Rauer relied upon the release as an estoppel he should have pleaded it; but in such a case as this it is only when the settlement has been fair and free from fraud and mistake, and one by which the rights of the minors have been fully protected, that it can operate to bind them. Mrs. Montgomery admitted that she signed these documents, but contended, and supported her contention by evidence, that her signatures were procured through mistake, misrepresentation, and fraud. This was accompanied by evidence to the satisfaction of the jury that the settlement was not fair, because, as they found, there were fifteen hundred dollars of the minors' money still in Rauer's possession. It was, therefore, permissible for the minors to go behind this settlement and show the facts. So showing, they have their election to pursue either the guardian, his sureties, or the person with whom the settlement was made. This is their right, independent of any statute requiring a guardian to obtain the consent of the court to such a settlement. (*Hayes v. Massachusetts Mut.L.Ins. Co.*, 125 Ill. 626; *Culp v. Lee*, 109 N. C. 675; *Hagy v. Avery*, 69 Iowa, 434; *Lunday v. Thomas*, 26 Ga. 537.) And it matters not whether the burden of proof to impeach the settlement is upon the ward, as seems to have been held in *Torry v. Black*, 58 N. Y. 185, or whether the duty of showing its fairness is upon the debtor, as laid down in *Hagy v. Avery, supra*; for in this case the wards took upon themselves that burden, and successfully carried it. Nor may the further objection of appellant be sustained that the plaintiffs, not having pleaded an avoidance of the release, should not have been permitted to prove it. They were not compelled to anticipate defenses.

If the release and discharge had been set out in bar of the action, still, under our system of pleading, which permits no replication, the defense of fraud would have been open to the plaintiffs without special averment. Equally is it open to them to rebut the effect of the release by the same evidence when, though not pleaded by defendant, it is offered and admitted in evidence.

The case was tried upon the principles announced, and we perceive no just ground for criticism of the court's instructions.

The judgment and order appealed from are therefore affirmed.

Temple, J., and McFarland, J., concurred.