[Civ. No. 91.   Third Appellate District.—December 9, 1905.]

## J. H. SMITH, Appellant, v. FARMERS' AND MERCHANTS' BANK, Respondent.

MONEY HAD AND RECEIVED—ACTION AGAINST BANK—DEPOSIT BY AGENT—KNOWLEDGE OF BANK—RECOVERY BY PRINCIPAL—SUFFICIENCY OF COMPLAINT.—A complaint in an action against a bank for money had and received by it to the use of plaintiff and his assignors, which alleges in substance that a third person was employed as their agent to make and market butter from milk and cream delivered to him by them for an agreed percentage, who agreed to pay the net proceeds to each of them in proportion to the quantity

of butter made and sold for each, and that he held the net proceeds as money received to their use and deposited the total amount thereof in defendant bank for their use and benefit, which took with knowledge of all the facts, and that the money deposited was the property of the plaintiff and his assignors shows an implied promise of the bank to pay the money to their use and benefit, and states a cause of action against the bank which is free from ambiguity or uncertainty or defect of parties, and a demurrer thereto was improperly sustained.

Id.—Unnecessary Averments—Parties to Contract—Agency or Sale Immaterial.—It was not necessary for the complaint to aver that the defendant bank was a party to the contract between the plaintiff and his assignors and the third person; nor was it material to show whether the money came to such third person as an agent for them, or came to him in the capacity of the seller of property belonging to them, so long as it appears that the bank knew that he held the proceeds of sale for their use and benefit, and that he had set it aside as money belonging to them and had placed it in the bank for their use and benefit.

APPEAL from a judgment of the Superior Court of Yolo County. H. M. Alberry, Judge.

The facts are stated in the opinion of the court.

Clark & Clark, for Appellant.

A. C. Huston, for Respondent.

BUCKLES, J.—This is an appeal from the judgment dismissing the action and the order sustaining the demurrer. The complaint alleges: That between January 14, 1904, and March 3, 1904, the plaintiff and forty-four others delivered to one A. G. McKerlie certain milk and cream, the property of plaintiff and the other forty-four persons, upon an agreement that said McKerlie would make the same into butter for said persons, and as their agent market the butter for them, receive the proceeds thereof, retain two cents on every pound of such butter, and pay over to such persons "to each person that portion of the whole proceeds of sales which the quantity of butter made from the milk or cream delivered by such person bear to the quantity made from that delivered by all such persons." That said McKerlie received the milk and cream delivered to him and made the same into butter except about

twenty per cent thereof, and sold the butter for said persons, and also the twenty per cent of cream and milk. The complaint then proceeds: "That, between said two dates, defendant herein, well knowing that said A. G. McKerlie held said proceeds of sales mentioned in paragraph 3 hereof solely for and as agent of said persons hereinafter mentioned and solely for the purpose of returning the same to said persons, and well knowing the said proceeds of sales were property of the said persons, and well knowing all the facts and matters alleged and set forth in paragraph 2 and 3 hereof, received from said A. G. McKerlie, agent as aforesaid, after said A. G. McKerlie had fully taken out and appropriated his said agreed two cents for each pound of butter made, and fully taken out therefrom all expenses of receiving and marketing all cream sold, a portion of said proceeds, amounting, as the plaintiff is informed and believes and upon such information and belief alleges, to the sum of sixteen hundred and fifty dollars ($1650). That since receiving the same said defendant has retained, held, and kept said sum and, though requested so to do by said persons and by plaintiff, has refused, and still refuses, to pay the same or any part thereof to said persons or to plaintiff. Said sum so received by defendant was had and received by defendant for the use and benefit of the persons hereinafter named." Alleges nonpayment by McKerlie to plaintiff or the other said persons, and that he never returned to plaintiff and such persons, or any of them, any part of the proceeds of said butter, and that the same is due. Alleges assignment to plaintiff of the claims of the other persons named, with the amount of cream and milk furnished by each, and the amount of money due to each from the butter and cream sold by McKerlie. Alleges that defendant received "about $165/190$ of the amount ($1,908.26) and portion of said proceeds of sales belonging to and agreed to be returned to each of said persons by said A. G. McKerlie, agent, as aforesaid."

The demurrer is general and special: 1. That the complaint does not state facts sufficient to constitute a cause for action; 2. That it appears that no contract was ever made between plaintiff and defendant or between McKerlie and defendant for the benefit of plaintiff; 3. The complaint shows no obligation in either law or equity in favor of plaintiff against the defendant; 4. That no contract was ever made between plain-

tiff and defendant, and that defendant was never, and is not now, a party to any contract respecting the matters alleged in the complaint in favor of plaintiff or to any contract creating any obligation in favor of plaintiff and against the defendant; 5. That it appeared that defendant never had any knowledge of the matters and transactions alleged as occurring between plaintiff, his assignors, and A. G. McKerlie; 6. That it appears the milk and cream were delivered to McKerlie with full authority on his part to dispose of the same, and it does not appear that defendant received any moneys from McKerlie in any manner other than in the ordinary course of business, in good faith and for value; 7. That it is not alleged that defendant has not repaid to McKerlie the money sued for, and it is not alleged that McKerlie has not now the said money; 8. That plaintiff and his assignors are now estopped from claiming anything from defendant because the complaint shows they delivered their property to McKerlie and vested him with apparent ownership and knowingly permitted him to deal with it as his property. There are other objections alleged by this demurrer, among which are: 14. That there is a defect of parties, in that the said A. G. McKerlie is a necessary and proper party to the determination of said answer; 15. That the complaint is uncertain in not alleging the facts constituting the pretended agency between McKerlie and plaintiff; 16. That it appears from the complaint that McKerlie did not have any specific funds in his hands to pay to plaintiff, and that it appears that the moneys paid defendant were not paid from the specific fund derived from the sale of said butter and cream; and that it does not appear that when McKerlie paid said moneys to defendant that he did not have the funds in his hands with which to pay plaintiff. It does not appear upon which of the grounds the demurrer was sustained or whether upon all. The plaintiff declined to amend, and judgment was given in favor of the defendant and against the plaintiff, and the action was dismissed, the defendant to recover its costs.

The agreement between McKerlie and plaintiff and his assignors was a simple one, requiring no extraordinary amount of intelligence to understand just what it meant. McKerlie was to receive the milk and cream they should bring him. He was to take the butter therefrom, sell it for the best price

obtainable, retain two cents a pound for his compensation, and pay the balance of the proceeds of such sales to the persons named in proportion to the milk and cream furnished by each; and in the absence of any other contract, agreement, or understanding between McKerlie, the defendant, and the persons who had furnished the cream and milk, it would seem certain he is a proper party and that he should be made a party defendant to the action. But where one has money in his hands which he knows to belong to another, and it is his duty to pay it over, he may be sued for money had and received. (*Chung Kee* v. *Davidson*, 102 Cal. 188, [36 Pac. 519].) The complaint here alleges that the defendant, the bank, knew that McKerlie held the money which he had received from the sale of butter for plaintiff and his assignors, and when he turned it over to the defendant it was the property of plaintiff and his assignors, and that it received said money for the use and benefit of the persons named. If the defendant knew this $1,650 belonged to the people named in the complaint, and knew it received it as "money had and received" for the use and benefit of such persons, to be paid over to such persons, then the law raises a promise on the part of the defendant to do so. (*Quimby* v. *Lyon*, 63 Cal. 394, and cases cited; also *County of Colusa* v. *County of Glenn*, 124 Cal. 503, [57 Pac. 477].) We think the complaint shows the defendant had such knowledge, and therefore the suit is against the right defendant, and joining A. G. McKerlie as defendant was unnecessary. This, then, disposes of objections 2, 3, 4, 5, and 14 in favor of plaintiff.

It is not material that the complaint fails to show that the defendant was a party to the contract between McKerlie and plaintiff, so long as it alleges knowledge independent that McKerlie held the $1,650 solely for the use and benefit of plaintiff and his assignors and that it came to its hands for the same; neither is it material to allege as to whether said money was received by McKerlie as an agent of plaintiff or came to him in the capacity of the seller of property belonging to him, so long as the bank is alleged to have known he held the proceeds of the sale of butter for the use and benefit of the plaintiff and these other people. The agreement of McKerlie was that he would take the cream and milk of these people, make the butter therefrom, sell the same, take two cents for

every pound of said butter, and return the balance to said persons. The bank may not have had the knowledge the complaint alleges it had when it took the money, and may have received it in the ordinary course as a deposit of money belonging to McKerlie, or may have received it on a debt due it from McKerlie, or in any other way; but that is not the question here. We are dealing with the sufficiency of the complaint and nothing more, and are not concerned as to what the facts may be, as will be developed by the proof when the case comes to trial. In his brief, respondent argues that as the plaintiff could not have sued McKerlie for the specific moneys received as the proceeds of the butter, as a specific fund, but could only sue as a debtor after an accounting, he is therefore estopped from suing the bank to recover the same. But the allegations of the complaint show that McKerlie himself set this money ($1,650) aside as the money belonging to these people, and placed it in the bank for their use and benefit, and that the bank knew this. The authorities cited by respondent doubtless announce the truth as to sales, the rights of vendee and vendor, and agents and bailments; but under the view we take of this complaint and demurrer, it would be of no assistance to quote them here. In addition to what is said above it will be noted that the complaint alleges that A. G. McKerlie was the agent of plaintiff and the other persons named, and that the sale of the butter was as agent, and the holding of the proceeds was as agent, and that defendant knew all these facts. If money is paid over to a third person by the agent, and the third person knew the agency and all matters connected with the same, how the agent acquired and held the money, then such third person takes such money for the use and benefit of the principal and becomes liable to the principal, and such principal may sue such third person to collect the money. We do not think the complaint subject to the charge of uncertainty in any matter material; neither is it ambiguous or unintelligible. We have examined critically every objection raised by the demurrer, and conclude the same should have been overruled.

The judgment is reversed, and the court below directed to overrule the demurrer.

Chipman, P. J., and McLaughlin, J., concurred.