[Sac. No. 1266.  Department Two.—January 27, 1906.]

FIRST NATIONAL BANK OF MODESTO, Appellant, v. O. L. WAKEFIELD, Administrator of the Estate of Joseph Knowles, Deceased, et al., Respondents.

MISTAKEN DEPOSIT IN BANK—PARTNERSHIP—JUDICIAL DECREE—INVOLUNTARY TRUST FOR ESTATE OF DECEDENT.—Where a bank received money by the mistake of a depositor, in believing it to belong to a partnership consisting of himself and a deceased person, it being afterwards judicially determined that the partnership never existed and that the money belonged to the estate of the decedent, the bank, by wrongfully retaining the money after demand by the administrator, became an involuntary trustee thereof for the benefit of the estate, under the provisions of sections 2223 and 2224 of the Civil Code.

ID.—APPLICATION BY BANK ON MORTGAGE — COMPROMISE — INSOLVENT ESTATE—RULE INAPPLICABLE.—Where, in response to a demand for the money by the administrator, who drew a check therefor, the bank notified him that it had no funds of the estate, and that

it had applied them on a mortgage of the decedent held by the bank, and it was afterwards agreed by way of compromise that one thousand dollars should be so applied and the residue paid to the estate, which was insolvent, the rule that a voluntary payment, by an administrator of an insolvent estate to a creditor in excess of his share cannot be recovered is inapplicable to the one thousand dollars which was withheld by the bank, and never paid to it by the administrator, and it may be recovered from the bank with interest.

ID.—INVOLUNTARY TRUST—POWER OF ADMINISTRATOR.—The administrator, even if acting voluntarily, had no power to relieve the bank as an involuntary trustee of the estate from its trust relation to the estate.

APPEAL from a judgment of the Superior Court of Stanislaus County. L. W. Fulkerth, Judge.

The facts are stated in the opinion of the court.

W. H. Hatton, and Dennet Walthall, for Appellant.

C. W. Eastin, for Respondents.

McFARLAND, J.—This is an action to foreclose a mortgage executed in his lifetime by Joseph Knowles, deceased. By the complaint recourse to any of the property of the estate other than the mortgaged premises and attorneys' fees are waived. O. L. Wakefield, administrator of the estate of Joseph Knowles, is made a defendant, and other persons are also made defendants, some of whom are heirs of the deceased and other creditors of his estate. The defendants by their answer set up certain alleged defenses to the foreclosure of the mortgage, but the court rendered a judgment of foreclosure; and as defendants have not appealed we need not inquire into the correctness of that part of the judgment. But the defendants set up a counterclaim of one thousand dollars and interest, and pray judgment against plaintiff for that amount; and the court sustained the claim and rendered judgment against plaintiff therefor. From this part of the judgment in favor of defendants, and from an order denying its motion for a new trial, the plaintiff appeals. No point is made by plaintiff as to the propriety of setting up this demand of defendants as a counterclaim in this present action, and the validity of the claim on its merits is the only question presented.

The material facts are these: When Joseph Knowles died, his son, W. H. Knowles, asserted that his father and himself were partners in a certain mill business, and proceeded to conduct that business with the intent of winding it up as the surviving partner. In the progress of thus conducting the alleged partnership business he deposited with the bank, plaintiff herein, various sums of money, amounting in all to $1,893.56, as the property of the partnership, and this money was placed by the bank to the credit of "Knowles & Son." Afterwards it was determined in a judicial proceeding that there never was any such partnership, and therefore the money so deposited by W. H. Knowles was assets of the estate of Joseph Knowles. The bank notified the administrator that it had transferred the money to his account as administrator of Joseph Knowles, deceased. Thereupon the administrator drew his check on the bank for said sum of $1,893.56; but the bank repudiated the check upon the ground that the administrator had no funds there. Thereafter there was a conference between the administrator and the bank on the subject of this money, and the former was informed by the latter that it had credited the whole amount on its mortgage. The administrator objected to this, and claimed that the money belonged to the estate, and that the bank ·had no right to credit it upon the mortgage; and, upon demand being made by the administrator for the money, the bank informed him "that he could not obtain possession thereof except by suit for the recovery thereof." Thereafter, on the sixth day of February, 1894, the administrator and the bank entered into an agreement that the bank might credit one thousand dollars of said money in its hands upon the mortgage, and the bank gave to the administrator the remaining $893.56, and the bank agreed not to prosecute its suit for' foreclosure, which had been commenced, during the next nine months. The court found that "said estate for some time had been and still is wholly insolvent," and that in addition to the said mortgaged premises has not sufficient property to pay its debts, "or more than a small part thereof." There is no express finding that it was insolvent on February 6, 1894, when the credit of the thousand dollars was made.

The appellant invokes the rule, for which there is undoubtedly a good deal of authority, that when an adminis-

trator voluntarily makes a payment to a creditor, and it turns out that he has paid him too much, because, the estate being insolvent, the creditor was entitled to only his *pro rata* share of the assets with the other creditors, the amount thus paid cannot be recovered back, and the other creditors can look only to the administrator and his bonds. But assuming the rule to be as contended for by appellant, we do not think that it applies to the case at bar. The administrator did not voluntarily pay the plaintiff the one thousand dollars within the rule invoked. He never had possession of the money. He tried to get possession of it, but was prevented by appellant from doing so. He drew his check for it, but payment was refused. It is not necessary to determine whether the circumstances constituted a "duress of goods" which made the agreement of the administrator void. (See *Mayor of Baltimore* v. *Lefferman,* 4 Gill (Md.) 425, and notes to that case in 45 Am. Dec. 145.) Appellant came into possession of the money by mere accident and mistake—the accident of W. H. Knowles depositing it with appellant instead of with some other bank, and the mistake of believing it to belong to a partnership and not to the estate. We think, therefore, that the case comes within the provisions of sections 2223 and 2224 of the Civil Code, which are as follows: "One who wrongfully detains a thing is an involuntary trustee thereof, for the benefit of the owner." And "One who gains a thing by fraud, accident, mistake, undue influence, the violation of a trust, or other wrongful act, is, unless he has some other and better right thereto, an involuntary trustee of the thing gained, for the benefit of the person who would otherwise have had it." And the appellant being thus an involuntary trustee of the money here involved, we do not think that the administrator, even if not under duress, had the power to relieve appellant from its trust relation to the estate. The trust fund still remained in the hands of appellant.

The judgment and order appealed from are affirmed.

Lorigan J., and Henshaw, J., concurred.

Hearing in Bank denied.