[Civ. No. 275. First Appellate District.—June 6, 1907.]

## ROBERT WHITTLE, Respondent, v. ANNIE WHITTLE, Sued as ANNE WHITTLE, Appellant.

HUSBAND AND WIFE—DESERTION—USE BY WIFE OF HUSBAND'S MONEY FOR SUPPORT—ACTION FOR RECOVERY NOT MAINTAINABLE.—A husband is bound to support his wife, and where he has deserted her without just cause, and provides her with no means of support, she is entitled to use the money of the husband, which comes lawfully in her hands, with which to provide herself with the necessaries of life, and in such case equity and good conscience will not permit the husband to recover the money from her as had and received to his use.

ID.—TRIAL—PLEADINGS MISSING FROM FILES—PRACTICE.—Where at the trial the pleadings are missing from the files, the correct practice would be either to find the originals, or supply copies. Where they appear in the record, no injury appears in causing the trial to proceed without their presence.

ID.—ACTION FOR MONEY HAD AND RECEIVED—STATUTE OF LIMITATIONS.— An action for money had and received dates only from receipt of the money, and the fact that it was received upon a note since outlawed cannot affect the statute of limitations.

ID.—NOTE PAYABLE TO HUSBAND AND WIFE—SUIT BY HUSBAND—DEFENSE—PAYMENT TO WIFE—FORMER JUDGMENT NOT A BAR.—Where the note was payable to both husband and wife, and in a former suit thereon by the husband to collect the note, in which the wife was made a defendant, a defense by the payee that he had paid the note to the wife as one of the payees, in which judgment was given to the wife, such former judgment cannot constitute a bar to an action by the husband against the wife for money had and received.

ID.—EQUITABLE DEFENSE TO MONEY HAD AND RECEIVED.—The general principle is that in an action of money had and received the defendant may show any facts that entitle him to retain the money on legal or equitable ground, and if the right of the defendant to retain the money is equal to that of the plaintiff, the defendant must prevail. In an action by the husband against the wife for money had and received, it was error to refuse to allow her to prove in defense that the husband had willfully deserted her, without just cause, and that the money received was necessarily expended by her for the necessaries of life.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial. Frank H. Kerrigan, Judge.

The facts are stated in the opinion of the court.

J. C. Bates, for Appellant.

P. J. Mogan, and M. S. Eisner, for Respondent.

COOPER, P. J.—The complaint alleges that the plaintiff and defendant are husband and wife, but that they have been living separate and apart since August, 1893; that in November, 1893, the defendant received $1,097.60 to and for the use of plaintiff; that said money was partly the separate property of plaintiff and partly community property, and that defendant has not paid the same nor any part thereof.

The answer alleges that all the money received by the defendant was received by her as the wife of the plaintiff, and was necessarily used by her for the necessaries of life, for her board and maintenance, after plaintiff had willfully deserted and separated from her without just cause.

The cause was tried, findings filed, and judgment thereupon entered for plaintiff.

This appeal is from the judgment and the order denying defendant's motion for a new trial.

Several errors are assigned and argued in appellant's brief, which we will notice in the order in which they are discussed.

It is claimed that error was committed in trying the case without the pleadings being before the court. It appears from the bill of exceptions that the plaintiff's attorney stated to the court that the papers in the case were missing from the files, but that he had copies that he could supply in case the originals were not found. Defendant's attorney objected to proceeding with the case until the original papers were produced or other papers substituted in lieu thereof. The court overruled the objection, and the trial proceeded. The correct practice would have been to find the originals or supply copies before the trial of the case, but that may have been done. The pleadings are now here as a part of the record, and it does not appear that they are not the original documents, nor does it appear that they were not found and used during the trial. No further question appears to have been raised concerning them, and no injury to defendant is made to appear.

The plaintiff offered in evidence a note for $924.60, dated February 19, 1891, made by Mary D. Carpenter and payable to plaintiff and defendant. To this the defendant objected upon several grounds, among others that it was not admissible under the pleadings, and that it appeared to be barred by the statute of limitations. The court overruled the objection. The ruling of the court was not erroneous. The complaint alleges that the money was received from Mary D. Carpenter. The note was only used to refresh the memory of defendant, who was being examined as a witness for plaintiff. She was asked if she collected any part of the said note, and she answered that she did collect one-half of it—$462.30—about November 3, 1893. This was the basis of the judgment entered up for plaintiff. The question under investigation was as to the fact of defendant receiving the money, and the date when it was received.

The defendant, by way of estoppel, offered in evidence the judgment and judgment-roll in a former suit in the superior court of the city and county of San Francisco, in which the present plaintiff was plaintiff, and the present defendant and Mary D. Carpenter were defendants, the action being to recover judgment upon the promissory note hereinbefore referred to. The court sustained the plaintiff's objection to said judgment-roll, to which ruling the defendant excepted, and now claims that the court erred in so doing. Without regard to the question, discussed in the briefs, as to the estoppel not having been pleaded in the answer, we are of opinion that the judgment was not admissible. The former suit was between the same parties, but the question involved and the issue under investigation was not the same. That was an action to recover the amount of the promissory note against Mary D. Carpenter, the maker thereof. The present defendant was made a defendant in the former action because, as alleged, she would not consent to become plaintiff. She was one of the parties to whom the note was payable, and no judgment was asked against her. The court in the former suit found that defendant Mary D. Carpenter had paid the said note to this defendant. Judgment was accordingly entered for the defendants in such former suit. The fact that it was adjudged and declared in such former suit that the plaintiff could not recover upon the note, for the reason that the maker of the note had paid it to one of the payees, was not an

adjudication that the plaintiff could not maintain an action against the joint payee who had received the money. Upon discovering that the note had been paid to defendant, he had the right to bring an action for money had and received to his use. The statute of limitations in such case would not begin to run until the money was received by defendant. In order to constitute an estoppel the former judgment must have been between the same parties, in the same right, in regard to the same subject matter, and must necessarily have involved the determination of the same fact, to prove or disprove which it is introduced in evidence. (*Laguna Drainage Dist.* v. *Charles Martin Co.,* 5 Cal. App. 166, [89 Pac. 933].)

We come now to the important question in the case, and the one which, in our view, necessitates a reversal. The answer, as has been shown, alleges that the money was received by the defendant as the wife of the plaintiff, and had been used by her for the necessaries of life after the plaintiff had deserted her and left her without means. In receiving the money defendant was guilty of no wrong. The note by its terms was payable to her as one of the payees. She received it as lawfully as if she had received it from the hands of her husband. She had the right to use it, because she was the wife of the plaintiff, and he was liable for her support and maintenance, and had left her without means. While the defendant was upon the stand as plaintiff's witness, and after she had testified to receiving the money, her counsel asked her in cross-examination what she did with it. Counsel for plaintiff objected to the question on the ground that it was incompetent, irrelevant and immaterial, and not cross-examination. The court sustained the objection, to which defendant's counsel duly excepted.

After the plaintiff rested, the defendant took the witness-stand in her own behalf, and was again asked by her counsel the same question. The same objection was made as to the competency, relevancy and materiality of the question, followed by the same ruling. She was then asked if she was living with plaintiff, and if the plaintiff had contributed anything to her support for the past eight years. These questions were objected to by the plaintiff as being incompetent, irrelevant and immaterial, and the objections were sustained. The ruling was thus clearly made that the defendant could not show that she had used the money for the necessaries of

life after the plaintiff had willfully deserted and abandoned her, leaving her without means. It appears clear to us that if the money had come into the hands of the defendant while plaintiff and defendant were living together as husband and wife, and that the plaintiff, during the time they were so living together, necessarily used the money for the family, or for the necessaries of life, the plaintiff could not recover. There is no difference in principle between the facts of the present case as alleged in the answer. The defendant, although deserted, was still the wife of plaintiff. In law she was part of his family. He had not been released from the legal obligations resting upon him. He could not, by wrongfully deserting the defendant, take advantage of his own wrong. He certainly ought not to be in a better legal position by reason of his desertion than he would be if still living with defendant. By the marriage plaintiff contracted the obligation of supporting defendant. (Civ. Code, secs. 155, 174.) It was said by the supreme court in *Galland* v. *Galland*, 38 Cal. 266: ''Amongst other rights secured to the wife is the right to be suitably supported and maintained by the husband according to his means and station. If he fails or refuses to provide such support for her, the law authorizes her to purchase from others, on the credit of her husband, whatever is necessary for her maintenance and suitable to her station in life. There can be no diversity of opinion on this point, which is thoroughly well settled.'' If the law authorizes the wife, in case of the failure of the husband to provide for her, to purchase from others, and holds him responsible, is there any reason in law or morals why she could not use the money in her hands for the same purpose? Can it be said that the husband in such case may recover the money from the wife, and then in turn the merchant who furnishes her with the necessaries, recover from the husband? In *Livingston* v. *Superior Court*, 117 Cal. 633, [49 Pac. 836], it was held that, under section 155 of the Civil Code, where a husband has no separate property, and there is no community property, and the husband is unable, by reason of infirmity, to support himself, an action would lie to compel the wife to support him out of her separate property. In that case, *Galland* v. *Galland, supra,* is approved and followed and the statutory liability of the husband and wife discussed. It thus appears beyond question that if the answer is true,

the plaintiff was liable for the support of the defendant. The action for money had and received lies to recover money to which plaintiff is entitled, and which in justice and equity the defendant ought to refund to the plaintiff, and which defendant cannot with a good conscience retain. (Bouvier's Law Dictionary, under heading "Money had and received," and authorities cited; *Sacramento County* v. *Southern Pac. Co.,* 127 Cal. 217, [59 Pac. 568, 825].) It was held in the latter case that the plaintiff could not recover money which had been paid to defendant in good faith but upon a void contract. That in equity and good conscience the plaintiff was not entitled to the money, although the defendant could not in law have recovered the money upon the illegal contract.

The general principle is that in this kind of action the defendant may show any facts that entitle him to retain the money, either upon legal or equitable grounds. The right of the defendant need not necessarily be better than that of the plaintiff. If it is equal thereto, the defendant must prevail. (4 Wait's Actions and Defenses, p. 511, and cases cited; Boone on Code Pleading, sec. 171.)

Our conclusion is that the defendant had the right to show by way of defense that she was the wife of the plaintiff; that plaintiff had deserted her, leaving her without means; that the money came lawfully into her possession, and was necessarily used by her for her support and maintenance. In such case equity and good conscience will not permit the plaintiff to recover.

The views herein expressed make it unnecessary to pass upon other questions argued in the briefs. The judgment and order are reversed.

Hall, J., and Kerrigan, J., concurred.