[Civ. No. 1755. First Appellate District.—June 28, 1916.]

LOUISA R. FREITAS, Respondent, v. MANUEL F. FREITAS, JR., et al., Appellants.

LIFE INSURANCE—ACTION TO RECOVER AMOUNT OF POLICY—CLAIM UNDER ANTENUPTIAL AGREEMENT—PAYMENT TO SUBSTITUTED BENE-FICIARIES—PLEADING—SUFFICIENCY OF COMPLAINT.—In an action to recover the amount called for by a policy of insurance, the complaint states a cause of action where it is alleged that the plaintiff was made the beneficiary of the policy under the terms of an antenuptial agreement, and that the insured after delivering the policy to the plaintiff secured possession thereof and without her knowledge or consent substituted the defendants as beneficiaries, notwithstanding that the insurer had paid the amount of the policy to the defendants prior to the commencement of the action.

ID.—ACTION FOR MONEY HAD AND RECEIVED—LACK OF CONTRACTUAL PRIVITY—WHEN MAINTAINABLE.—An action for money had and received may be successfully maintained even though not founded upon allegations showing an express privity of contract between the parties, upon the theory that if one of the parties has received money due and owing to the other under circumstances which make it his duty to surrender the money to the rightful owner, the law will imply the promise to do so, and thereby create the requisite contractual privity.

APPEAL from a judgment of the Superior Court of Alameda County. Wm. H. Waste, Judge.

The facts are stated in the opinion of the court.

Louis B. Diavila, and Jos. P. Lucey, for Appellants.

Rose & Silverstein, for Respondent.

THE COURT.—Save in one particular the facts in this case, as shown by the pleadings and proof, are in their essential features substantially the same as those pleaded and proven in the case of *Freitas* v. *Freitas, ante,* p. 16, [159 Pac. 611], No. 1754, this day decided, the present case being different only in the particular that the beneficial society in which the deceased was insured had upon the death of the deceased paid to the defendants the sum of one thousand five hundred dollars, called for by the policy of insurance. As a consequence the society was not made a party defendant. Judgment went for the plaintiff, from which the defendants severally appeal upon the grounds that the complaint does not state a cause of action, and that the findings do not support the judgment.

Here, as in the case above mentioned, the plaintiff's cause of action proceeded upon the theory that the plaintiff had acquired a superior equitable title to the sum in suit; and, for the reasons stated in said case numbered 1754, and upon the authority of the cases therein cited, we are of the opinion that the facts pleaded in the present case are sufficient to constitute a cause of action against the defendants, who were alleged and shown to be mere voluntary beneficiaries. True it is, as counsel for the defendants contend, that the plaintiff's cause of action pleaded savors strongly of an action for money had and received. Such an action, however, may be successfully maintained even though not founded upon allegations showing an express privity of contract between the parties. This is so upon the theory that if one of the parties has received money due and owing to the other under circumstances which make it his duty to surrender the money to the rightful owner, the law will imply the promise to do so, and thereby create the requisite contractual privity. (*Commissioners* v. *Bloomington,* 253 Ill. 164, [Ann. Cas. 1913A, 477, 97 N. E. 280] ; *Kreutz* v. *Livingston,* 15 Cal. 344; *Colusa Co.* v. *Glenn County,* 117 Cal. 434, [49 Pac. 457] ; *Whittle* v. *Whittle,* 5 Cal. App. 696, [91 Pac. 170].)

It is conceded that the evidence supports the findings; and if we be correct in the conclusion that the facts stated in the complaint show a cause of action, then it follows that the findings, which are in substantial accord with the allegations of the complaint, support the judgment.

The point made concerning the invalidity of the ante-nuptial contract, and the consequences claimed to flow therefrom, was also made in the case previously decided and therein determined adversely to the contention of the defendants. It need not therefore be again adverted to.

The judgment appealed from is affirmed.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 25, 1916.