[Civ. No. 2604. Third Appellate District.—April 16, 1923.]

VICENTE BIURRUN, Appellant, v. EULALIO ELIZALDE et al., Defendants; A. G. RAMIREZ, Respondent.

[1] MONEY HAD AND RECEIVED — PROCEEDS OF SALE OF SHEEP — EVIDENCE—ERRONEOUS NONSUIT.—Where in an action for money had and received to recover part of the proceeds of the sale of certain sheep which had been turned over by plaintiff to defendant, plaintiff's evidence showed that defendant knew the seven hundred sheep and the proceeds of the sale thereof to the extent of eight dollars a head belonged to plaintiff and that defendant received five thousand six hundred dollars of such proceeds to the use and benefit of plaintiff as alleged in the complaint, it was error to grant a nonsuit, even if it be conceded there was evidence sufficient to justify the inference that plaintiff sold the sheep to defendant and accepted the latter's note as payment therefor.

APPEAL from a judgment of the Superior Court of Yuba County. Eugene P. McDaniel, Judge. Reversed.

The facts are stated in the opinion of the court.

W. E. Davies and Russell W. Cantrell for Appellant.

W. P. Rich for Respondent.

FINCH, P. J.—Plaintiff appeals from the judgment of the trial court granting the motion of defendant Ramirez for a nonsuit.

The action is for money had and received. The plaintiff testified: "On the twenty-sixth day of December, 1919, I had business dealings with the defendant Elizalde. . . . Defendant Ramirez was present at that time. I offered to let Mr. Elizalde run my sheep until he could sell them, and agreed with him that I would pay him $2,176 as expenses for running them, and when he sold the sheep he was to pay me $8 per head and keep for himself all that he received over that sum. . . . I had 728 head of sheep that I turned over to Mr. Elizalde. . . . We had a conversation outside on the same day, and Mr. Ramirez suggested that we make a note, and Mr. Ramirez wrote a note for us for the sum of $8,000. After I got the note I took it up to Mr. Carlin's office and Mr. Carlin said it was no good, and he drew another note, which note Elizalde signed. . . . I took Elizalde's note in payment of the sheep. . . . Q. Did you sell your sheep at that time to Elizalde? A. I gave him to run the sheep. . . . Q. Did you sell them to him on that day? A. No, sir. Q. Why did you take that note for $8,000? . . . A. For security. . . . Q. Did you take the note as the balance due on your sheep? A. As security to pay me later on." Elizalde testified: "I was present . . . on the twenty-sixth day of December, 1919, in company with Mr. Ramirez and Mr. Biurrun, and we had a talk on condition when I took the wethers that I had to pay Mr. Biurrun $8 when I sold them. . . . Mr. Ramirez and myself we asked Mr. Biurrun $2,176 to run the sheep, running expenses, and Mr. Biurrun put that money at the First National Bank for us. . . . Q. Did you receive 728 head of sheep from him at that time . . . ? A. Yes, sir, I did. Q. You had a lot of sheep of your own at that time, did you not? A. I had 2,400 at the time. . . . I didn't buy the wethers from Mr. Biurrun, I took the sheep to run and to deliver after the sale $8 a head. . . . Later I sold the wethers at $9 per head . . . 8th of January, 1920. . . . I sold more sheep than the 700 and I

took the whole check together and I gave it to Mr. Ramirez. . . . Q. How many sheep did you sell at that time . . . ? A. 808 head. . . . Q. How many of those sheep were your own sheep? A. 108 head. Q. To whom did the other 700 belong? A. Vicente Biurrun. . . . I told Mr. Ramirez at the time I delivered the check to him that the price of 700 head of sheep at $8 a head was for Mr. Biurrun and the balance was to be put to my credit, and I indorsed the check and delivered it to him. At that time I owed Mr. Ramirez on a mortgage about $16,000. . . . I gave him [plaintiff] a note for $8,000, which represented the value of the sheep and the money borrowed from Mr. Biurrun. . . . The note which I gave him . . . was in payment of the sheep, together with the money that I borrowed from him. . . . That note was made just as security to be paid from the money Mr. Ramirez took. . . . At the time I sold the sheep 700 belonged to Mr. Biurrun.'' No other witnesses were called. The testimony shows that plaintiff had not been paid any part of the money received by Elizalde for the 700 sheep sold, but that Ramirez retained the whole thereof.

"The rules as to nonsuit are the same, whether the trial is by the court or by a jury." (*Freese* v. *Hibernia Sav. etc. Soc.*, 139 Cal. 392, 395 [73 Pac. 172].) "It is beyond controversy that the right of a court to direct a verdict is, touching the condition of the evidence, absolutely the same as the right of the court to grant a nonsuit. It may grant a nonsuit only when, disregarding conflicting evidence and giving to plaintiff's evidence all the value to which it is legally entitled, herein indulging in every legitimate inference which may be drawn from that evidence, the result is a determination that there is no evidence of sufficient substantiality to support a verdict in favor of plaintiff if such a verdict were given. . . . The rule as to directed verdicts is not that a verdict may be directed whenever the evidence is such that upon motion the court would grant a new trial. The court may grant a new trial even when there is substantial evidence to sustain the verdict if it believes that the evidence preponderates against the verdict. It is under compulsion to order a new trial, and may do this of its own motion, when the evidence is wholly insufficient to sustain the verdict." (*Estate of Caspar,* 172 Cal. 147, 149 [155 Pac. 631].) If it be conceded that there is evidence sufficient to

justify the inference that the plaintiff sold the sheep to Elizalde and accepted the latter's note as payment therefor, such conflicting evidence must be disregarded on motion for a nonsuit.

[1] The evidence shows that Ramirez knew the 700 sheep and the proceeds of the sale thereof to the extent of eight dollars a head belonged to plaintiff and Ramirez received $5,600 of such proceeds "to the use and benefit of said plaintiff" as alleged in the complaint. If any authorities are necessary to show that plaintiff had a cause of action against Ramirez under such circumstances, the following are in point: *Kreutz* v. *Livingston*, 15 Cal. 345; *Heydenfeldt* v. *Jacobs*, 107 Cal. 373 [40 Pac. 492]; *Montgomery* v. *Rauer*, 125 Cal. 227 [57 Pac. 894]; *First Nat. Bank* v. *Wakefield*, 148 Cal. 558 [83 Pac. 1076]; *Smith* v. *Farmers & Merchants' Bank*, 2 Cal. App. 377 [84 Pac. 348]; *Freitas* v. *Freitas*, 31 Cal. App. 19 [159 Pac. 613]; *Bridgeford* v. *McAdoo*, 48 Cal. App. 305 [191 Pac. 1113]. Respondent does not suggest any theory upon which the judgment can be affirmed and none suggests itself to the court.

The judgment is reversed.

Plummer, J., *pro tem.*, and Burnett, J., concurred.