[L. A. No. 9272. Department One.—March 9, 1928.]

MILTON V. IRVINE et al., Respondents, v. D. G. MAC-GREGOR et al., Appellants.

I. Henry Harris for Appellants.

A. E. Garten and Joseph M. Maltby for Respondents.

PRESTON, J.—This is an appeal from judgment in favor of plaintiffs in an action to recover an alleged sum of money due them as an additional royalty or bonus under the provisions of an oil lease.

Plaintiffs, owners of certain real property, entered into a written agreement with defendants MacGregor and Simmel, leasing their land to these parties for oil drilling purposes. About two weeks later said lease was assigned by the last mentioned defendants to defendants Lewis, Underwood, and MacGregor as trustees for "MacGregor Syndicate No. 1."

The provision of the lease under which recovery is sought reads as follows: "Additional Rental: In addition to the said royalty of one-sixth (1/6) to be paid by the said Lessee to the said Lessors in the manner aforesaid, the Lessees shall pay and deliver to the Lessors the sum of Five Thousand Dollars . . . derived from the sale of one-half (1/2) of the first oil produced from the well first completed upon said described premises. That the payment of the said sum of Five Thousand Dollars ($5,000.00) is wholly contingent upon the discovery and production of oil in paying quantities from the first well drilled to completion and production on said premises."

In this connection the court found, and such finding is accepted as correct for the purposes of this appeal, "That there was produced and sold from an oil well on said premises oil in the sum of $8421.62, one-half of which or $4210.81 is due plaintiffs as bonus, to which must be added the one-sixth land-owners' royalty, or $1408.60, a total due plaintiffs of $5619.41; that plaintiffs have received on account $1091.00 . . . ; that defendants are entitled to further credits . . . in the total sum of $782.38, leaving a balance due and owing plaintiffs $3847.03." Accordingly judgment in the sum stated went for plaintiffs and defendants have appealed therefrom.

It is the contention of appellants that the above-quoted paragraph of the lease is sufficiently clear to admit of but one construction, namely, that if the lessees obtained a first well that produced at least $10,000 worth of oil, but not

otherwise, they would share such production with the lessors to the extent of paying them $5,000 from the proceeds of sale thereof. This, however, is not what the clause states. It states that the $5,000 payment shall be wholly contingent, not upon the production of at least $10,000 worth of oil, but "upon the discovery and production of oil in paying quantities." It cannot be denied that under the evidence and findings there was sufficient proof of production of oil in paying quantities from said first well. In other words, the limitation in the provision is in favor of the lessees, making them liable, in addition to the one-sixth royalty, for only half of the first oil produced up to the sum of $5,000, and no more. Inasmuch as half of the first oil produced amounted to less than said maximum figure of $5,000, they were liable only for such sum as it did amount to, to wit: the sum of $4,210.81. In accord with familiar principles of interpretation, oil leases are construed according to their reasonable common-sense meaning (secs. 1635–1655, Civ. Code). The above construction receives strong support in testimony given to the effect that the $1,091 was paid plaintiffs on account of said one-half bonus, or additional rental, thus clearly indicating that appellants recognized their obligation to make this payment.

The evidence showed that such sums as were claimed by the lessors were on deposit to the credit of MacGregor Syndicate No. 1. The trial court accordingly found "that plaintiff is entitled to judgment in said sum against D. G. MacGregor, L. C. Simmel and against D. G. MacGregor, R. C. Lewis and S. H. Underwood, as trustees of the Mac-Gregor Syndicate No. 1, and against their successors as trustees of said syndicate, and liability of said trustees is limited to the property of the trust estate." Pursuant to this finding, the judgment limited the liability of said trustees to the *corpus* of the trust estate.

Appellants urge that the court was without jurisdiction to enter judgment against the trust estate, limiting the liability of the trustees to the *corpus* of the trust, for, they contend, trustees are liable directly and personally for their acts and they, and not the trust estate or beneficiaries, are bound by a judgment.

Numerous cases uphold the right to follow money into a trust fund or any other fund into which it may have fallen

(*Noble* v. *Noble,* 198 Cal. 129 [43 A. L. R. 1235, 243 Pac. 439], and cases there cited; *Smith* v. *Farmers' etc. Bank,* 2 Cal. App. 377 [84 Pac. 348]). Trust property is bound by the acts of the trustees within the scope of their authority (Civ. Code, sec. 2267).

Furthermore, appellants are in no position to attack the provision of the judgment limiting their liability to the *corpus* of the trust estate, for such provision plainly has for its purpose their protection. They may not now take advantage of it and attempt to hide behind the trusteeship, avoiding liability on the plea that MacGregor Syndicate, as a trust, is not a party to or capable of being a party to this action. Said trustees could not accept the benefits of the original lease for the trust estate and yet deny their authority to meet this obligation from funds of the trust.

The assignment of lease was executed and accepted by them subject to all conditions, rights, and privileges of the original instrument and subject to the provisions of the trust and said money was received and deposited to the account of MacGregor Syndicate with full knowledge on the part of said trustees of plaintiffs' claims thereto. Therefore, the fact that plaintiffs were not parties to the assignment of lease or to the instrument of trust cannot avail appellants. An action of this character "may be successfully maintained even though not founded upon allegations showing an express privity of contract between the parties. This is so upon the theory that if one of the parties has received money due and owing to the other under circumstances which make it his duty to surrender the money to the rightful owner, the law will imply the promise to do so, and thereby create the requisite contractual privity." (*Freitas* v. *Freitas,* 31 Cal. App. 19, 20 [159 Pac. 613]; see, also, to the same effect, *Kreutz* v. *Livingston,* 15 Cal. 344.)

Judgment affirmed.

Curtis, J., and Seawell, J., concurred.