[Sac. No. 4312. In Bank.—June 25, 1929.]

CHUN KAM, Appellant, v. L. J. MYERS, Respondent.

W. H. Hatfield and V. L. Hatfield for Appellant.

Gaffney & Zagoren and H. W. Zagoren for Respondent.

PRESTON, J.—Action for money had and received. Defendant had judgment. Plaintiff appeals. The question presented is whether this cause of action will lie under the facts shown.

Defendant L. J. Myers, as agent for the estate of L. W. Myers, deceased, made a cropping contract for the years 1924 and 1925 in behalf of said estate, with plaintiff, a Chinese. The estate was operating its farm property under a special order of court. The finances for and from these operations were carried in a special account in the bank upon which defendant alone had the right to check. Under the cropping contract plaintiff was entitled to a percentage of the fruits and vegetables produced. For each of these years he delivered the whole crop to said estate through defendant as agent. The crops were sold and the proceeds deposited in this special account. Defendant was to disburse to plaintiff the portion thereof due him. It appears that for the year 1924 he arbitrarily retained from the amount due plaintiff the sum of $481.90. In the same manner for the year 1925 he retained the sum of $417.37, the aggregate of these sums constituting the amount sued for here.

The evidence shows no justifiable excuse for the retention of said sums. The sole contention upon this appeal is that a cause of action for money had and received will not lie. No claim is made by defendant that said amounts were not on deposit in the said special account; neither is there any claim by him that his liability should be limited in any way.

There is no merit in the contention that a cause of action for money had and received will not lie. Such claim was

answered adversely to defendant in the recent case of *Irvine* v. *McGregor*, 203 Cal. 583 [265 Pac. 218]. Upon authority of that case and the cases upon which it is predicated, the judgment in this cause is reversed.

Curtis, J., Richards, J., Langdon, J., and Seawell, J., concurred.

SHENK, J., Dissenting.—I dissent. The action is for money had and received in the usual form. On the facts the action is grounded on the alleged deceit of the defendant in withholding the amount sued for as a portion of the plaintiff's share of the crops of 1924 and 1925, upon the representation that the estate of which the defendant was the agent had expended or incurred said amount as charges properly payable to the California Pear Growers Association when in truth it is claimed by the plaintiff that the estate was not a member of said association during the years in question. The defendant filed a general demurrer to the complaint and also a special demurrer on the ground of uncertainty, etc., which, after argument thereon, was overruled. The answer was merely a denial of the allegations of the complaint. At the trial the defendant contended first that the wrong form of action had been instituted, and, secondly, that if anyone were liable it was the estate and not the defendant, its known agent. The findings were as brief as the allegations of the complaint and the denials of the answer, merely finding that the allegations of the complaint were not true.

The same contentions made at the trial are now urged on appeal with the further contention on the part of the defendant that on the evidence the findings are supported.

Since the case of *Minor* v. *Baldridge*, 123 Cal. 187 [55 Pac. 783], it has been the law of this state that an action grounded in fraud may be stated in the form of the common count and that the pleading is good as against a general demurrer, but is not sufficient as against a special demurrer. Whether the demurrer in the present case should have been overruled need not be determined. On the trial the plaintiff offered evidence to establish his charge of fraud and deceit. The defendant offered evidence to meet the charge, contending that the amount sued for was represented by legitimate offsets against the plaintiff, including the settlement for a sum in

excess of plaintiff's demand of a claim against the estate on the part of the Pear Growers Association under a contract executed by the decedent with the association whereby the decedent agreed to sell and deliver to the association all Bartlett pears produced or acquired by him during the years 1921 to 1927, inclusive. The findings of the court, necessarily implied, negative the charge of fraud or deceit on the part of the defendant and there is evidence to support the express as well as the implied findings.

On the second point, viz., that the suit should have been brought against the estate upon a rejected claim, it appears that the defendant was the agent of the administrator and known by the plaintiff to have been such. It is the general rule that an agent may be liable for his tortious act notwithstanding the principal may also be liable. (*Perkins* v. *Blauth,* 163 Cal. 782 [127 Pac. 50] ; 1 Cal. Jur. 817.) But since the court found in favor of the defendant on the fraud charge this rule would not be applicable. In any view of the case I am satisfied that the judgment should be affirmed.

Waste, C. J., concurred.

Rehearing denied.

Waste, C. J., and Shenk, J., dissented.