[Civ. No. 7969. Second Appellate District, Division Two.—June 30, 1933.]

JOHN R. ORTON, Appellant, v. E. L. DAIGLER et al., Respondents.

E. H. Delorey and Boyd C. Barrington for Appellant.

James E. Mahon for Respondents.

CRAIG, J.—A demurrer to the amended complaint in an action arising from an award of compensation to the sub-lessee of certain real property having been sustained without leave to amend, the plaintiff appealed.

After the entry of an interlocutory decree in condemnation, the owner in fee of the realty in controversy commenced a suit to enjoin the payment of damages to a tenant in possession under a five-year lease from said owner's lessee. It is asserted by the appellant that no appeal was taken from the decree in the original proceedings, but that a determination of the respective rights of the parties is here desired that the real party in interest may receive just compensation. A demurrer to the complaint praying injunction was sustained, whereupon the plaintiff by an amended complaint demanded the amount of award allowed his sub-lessee, to which pleading a demurrer was sustained without leave to amend. It is not denied that the respondent Daigler's term had not expired, nor that he was in actual occupancy of the premises when the interlocutory decree was entered. The validity of said sublease is not questioned, but it is argued, in effect, that the owner was the sole party who could have suffered from deprivation of property rights in said premises through condemnation. ██ A leasehold is property, the subject of ownership, for which a tenant for a term of years is guaranteed compensation before his title can be divested under the power of eminent domain. (*City of Pasadena* v. *Porter*, 201 Cal. 381 [257 Pac. 526, 53 A. L. R. 679].) It is a use or right of possession with which the owner has parted for a consideration flowing from his lessee. ██ We are unable to say as a matter of law that it was error to allow any amount of damages to the tenant in possession; and it was solely a question of fact for the

trial court to determine upon the question of proper apportionment. The sufficiency of evidence to justify such judicial allowances could have been questioned only upon appeal from the decree then rendered.

The judgment is affirmed.

Works, P. J., and Parker, J., *pro tem.*, concurred.