[Civ. No. 8586. Second Appellate District, Division Two.—September 29, 1933.]

RALPH A. CHASE et al., Appellants, v. GEORGE SKEPNER et al., Respondents; CHAIM SHAPIRO, Intervener.

Harley E. Riggins and Raoul Francoeur for Appellants.

H. Y. Romayne and Aaron Shapiro for Respondents.

CRAIG, J.—In a suit to declare a trust as to certain moneys held pursuant to an order of court after condemnation and to restrain their payment as theretofore directed, a demurrer to the amended complaint was sustained without leave to amend, the respondent municipality having filed its answer therein. The plaintiffs appealed from the judgment entered pursuant to said order. The recent decision of *Orton* v. *Daigler*, 133 Cal. App. 112 [23 Pac. (2d) 831], has determined the issues here presented adversely to the appellants.

The respondent Skepner was a lessee in possession from December, 1926, to May, 1930, of certain real property of the appellants, on which latter date the board of trade took possession under assignment from him of all his business and assets. Following appropriate proceedings in a condemnation suit an interlocutory decree was entered in September, 1927, by which the value of said property was adjudged, a portion of the amount was awarded to said lessee, and the balance to his lessors, appellants herein. The latter were at no time deprived of their property, but continued to receive the rentals therefor from the respondent and his successors, during and after its occupancy by him. The appellants alleged that said lessee abandoned with their consent all his right, title and interest in the leased premises in May, 1930, and upon this they predicate their claim to the award to the respondent for his leasehold. But it is not alleged nor contended that such award was excessive, or that it was modified or set aside. The complaint does contain the allegation that said interlocutory decree was

entered on or about September 27, 1927, "and that there has been no appeal from said interlocutory judgment; and that the time for appeal has expired". Hence, it cannot be conceded upon any authority cited or known to us that the award held by the clerk pending a determination of the issues herein came to his hands through a violation of any rule of equity, or through accident, fraud or mistake. (*Hidden* v. *Jordan*, 21 Cal. 93; *First National Bank* v. *Wakefield*, 148 Cal. 558 [83 Pac. 1076].) It is not shown how the appellants may by such a proceeding test the validity of a judgment from which there is no longer a right of appeal.

■ Complaint is made of release by the trial court of the moneys so held. It is contended that they were released to the defendant Skepner, upon a motion of his assignee. From what has been said it is apparent that upon dismissal of the action no alternative than to release said award remained. Such being the case the appellants must be held to have had no interest therein. ■ The same was directed to be paid to the respondent with interest during the period of its custody by the clerk, which it is contended · was erroneous and without foundation. "It has very generally been held that where a fund in litigation or the amount of a disputed claim is deposited in court, or subject to its order, interest is not recoverable thereon during the time it remains so deposited." (33 C. J., p. 245, sec. 154.)

The judgment is affirmed, but it is ordered that the portion thereof which directs that the appellants pay interest upon said award be stricken therefrom.

Works, P. J., and Stephens, J., concurred.