[No. 15717.     Department Two.—May 31, 1895.]

FREDERICK O. HEYDENFELDT, RESPONDENT, v. JULIUS JACOBS ET AL., APPELLANTS.

|107  373|
|128  328|
|107  373|
|141  627|

JUDGMENT UPON PLEADINGS—WHEN PROPER.—Where a complaint states a cause of action, and proof of the affirmative averments in the answer would be immaterial, and the denials of the answer are merely of matters of law, it is proper to render a judgment for the plaintiff upon the pleadings.

LIFE INSURANCE—CONSTRUCTION OF POLICY—RIGHTS OF MINOR CHILDREN. Where a life insurance policy is payable to the surviving wife of the insured and minor children living at the time of his death, there is no limitation to the minor child of any particular wife; but the policy refers to all of the minor children of the insured living at the time of his death.

ID.—STATUTE OF SUCCESSION NOT INVOLVED—SHARING POLICY PER CAPITA. A policy payable to the surviving wife and minor children of the deceased does not go one-third to the widow and two-thirds to the minor children, according to the statute of succession; since the fund is no

part of the assets of the estate of the deceased, and the law of descents and distributions has no applicability to the case; but the persons named in the policy take per capita, and each minor is entitled to his fractional share of the amount of the policy.

Id.—Collection of Policy by Executors—Action for Distributive Share.—The executors of the estate of a decedent have no right as such to receive the proceeds of a policy payable to his widow and children as any part of the estate of the decedent, and they may be sued personally by one who was a minor child at the time of the death of the deceased to recover his share of the policy.

Id.—Wrongful Possession of Policy—Trust.—Executors who have wrongfully come into possession of the amount of an insurance policy, whether by mistake or otherwise, become trustees of the thing gained for the benefit of the person who would otherwise have had it.

Id.—Insufficient Answer—Estoppel—Distribution of Estate.—In an action against the executors personally to recover the share of a policy belonging to plaintiff, who was a minor child at the time of the death of the deceased, an answer that the whole amount of the policy was treated by the executors as part of the assets of the estate, and was so inventoried, accounted for, and distributed, under the last will of the deceased, to the widow and to her assignee, and that the plaintiff had notice of such inventory, and appeared personally and by counsel in the proceedings connected with the administration of the estate, and made no objection to the distribution of the proceeds of the policy as part of the estate, and that such distribution was made with his knowledge and consent, and that he is estopped from setting up any claim to any part of said proceeds, but not averring that the executors did not know, or had no means of knowing, to whom the proceeds of the policy belonged, or that they relied upon the conduct of the plaintiff, and were induced thereby to deal with the proceeds as alleged in the answer, does not state the essential elements of an estoppel, or disclose a defense to the action.

Id.—Contest for Proceeds of Policy—Jurisdiction of Probate Court. A contest for the proceeds of an insurance policy payable by its terms to the widow and minor children of the deceased cannot be inaugurated in the probate court.

Appeal from a judgment of the Superior Court of the City and County of San Francisco.

The facts are stated in the opinion of the court.

*Pierson & Mitchell,* and *Knight & Haggerty,* for Appellants.

The executors held the insurance collected to the use of the estate. (*National Bank* v. *Grand Lodge,* 98 U. S. 123.) The will should be construed as applying only to the minor children of the surviving wife, of which

plaintiff was not one.   The judgment on the pleadings was erroneous.   (*People* v. *Johnson,* 95 Cal. 474.)   Appellant consented to the distribution of the estate, and is estopped by his consent.   (Civ. Code, sec. 3515; *Churchill* v. *Baumann,* 95 Cal. 544.)   The plaintiff was entitled to interest only from the time he commenced his action.   (*Himmelein* v. *Supreme Council* (Cal., Aug. 30, 1893), 33 Pac. Rep. 1130.)

*T. M. Osmont,* for Respondent.

. Defendants became trustees for plaintiff of the money collected.   (Civ. Code, secs. 2223, 2224.)   The policy was payable to the surviving widow, and to all of the minor children living at his death.   (*Koehler* v. *Centennial etc. Life Ins. Co.,* 66 Iowa, 325; *McDermott* v. *Life Ins. Assn.,* 24 Mo. App. 73; *Felix* v. *Grand Lodge A. O. U. W.,* 31 Kan. 81; 47 Am. Rep. 479; *Jackman* v. *Nelson,* 147 Mass. 300.)   The proceeds of the policy go to each of the beneficiaries, per capita.   (*Jackman* v. *Nelson, supra; Felix* v. *Grand Lodge A. O. U. W., supra; Campbell* v. *Wiggins,* Rice Eq. 10; *Lady Lincoln* v. *Pelham,* 10 Ves. Jr. 175; *Weld* v. *Bradbury,* 2 Vern. 705.)   The answer does not show the elements of estoppel.   (*Biddle Boggs* v. *Merced Min. Co.,* 14 Cal. 368; *Lux* v. *Haggin,* 69 Cal. 266; *Greffith* v. *Brown,* 76 Cal. 262; *Watson* v. *Sutro,* 86 Cal. 526; *McCormick* v. *Orient Ins. Co.,* 86 Cal. 260; *Mora* v. *Murphy,* 83 Cal. 12; *Montgomery* v. *Keppel,* 75 Cal. 128; 7 Am. St. Rep. 125; *Huse* v. *Den,* 85 Cal. 391; 20 Am. St. Rep. 232.)   There was no error in allowing interest.

McFARLAND, J.—The plaintiff is the son of Solomon Heydenfeldt, deceased.   The said deceased, in his lifetime, procured a policy of insurance upon his life from the Brooklyn Insurance Company of New York for ten thousand dollars, payable to " Catherine, wife of Solomon Heydenfeldt, or any wife that may survive him, and minor children living at the time of his death."   Said Catherine having died during the lifetime of the

deceased, he married Elisabeth A. Heydenfeldt, who is now his widow. He also left seven minor children, of whom plaintiff is one. The defendants, who are executors of said deceased, collected said policy from said insurance company, and this action is brought to recover from defendants one-eighth of the amount of said policy. Defendants demurred to the complaint on general and on some special grounds, and their demurrer having been overruled they answered. Plaintiff made a motion for judgment on the pleadings, on the ground that the answer did not set up any defense; and, after argument, the motion was granted, and judgment for plaintiff was entered. Defendants appeal from the judgment.

If the views of the court below were correct as to the legal merits of the case, then the judgment upon the pleadings was right; for proof of the averments in the answer would have been immaterial, and the denials were merely of matters of law. And we think the views of the court were correct.

There is no denial in the answer that respondent was a minor child of the deceased at the death of the latter; but it is contended that the averment on that subject in the complaint is insufficient. The averment is that at the time of the death of the deceased there were "seven *minor* children, to wit, plaintiff above named, Frederick O. Heydenfeldt, then of the age of about twenty years and ten months," and six others who are named. It is not necessary to consider how the words "about twenty years and ten months" should be construed if they stood alone; for, as they are immediately preceded by the statement that plaintiff was a minor, the whole clause is clearly sufficient as an averment of his minority.

The deceased had children by both wives, and it is contended that the policy run to the surviving widow and *her* minor children. But we think that the true construction of the language (above quoted) clearly is that the policy was payable to his present wife, Cather-

ine, or to any wife who might survive him, and to the minor children of the insured. There is no limitation to his children by any particular wife.

The contention that the amount of the policy should go one-third to the widow and two-thirds to the seven children, according to the statute of succession, cannot be maintained. The fund was not a part of the assets of the estate of the deceased, and the law of descents and distributions has no applicability to the case. The persons named in the policy take per capita. (*Felix* v. *Grand Lodge A. O. U. W.*, 31 Kan. 81; 47 Am. Rep. 479; *Campbell* v. *Wiggins*, Rice Eq. 10.)

The appellants were sued personally and not as executors. The unnecessary statement in the complaint of the fact that when they collected the policy they were acting as executors is of no consequence. The policy was no part of the assets of the estate, and appellants had no right as executors to collect; and, if liable at all, they are liable personally, as they were sued, and not as executors. And having wrongfully come into possession of the amount of the policy—whether by mistake or otherwise—they became trustees " of the thing gained for the benefit of the person who would otherwise have had it." (Civ. Code, secs. 2223, 2224.) Whether or not the respondent could have maintained an action for his share of the policy against the insurance company is a question not here involved.

The point for a reversal, most insisted on by appellants, is based on an alleged estoppel. It is averred in the answer that the amount of said policy was treated by appellants as part of the assets of the estate of said Solomon Heydenfeldt, deceased; that they so reported, inventoried, and accounted for it; and that there was a final distribution of all of the estate, which included the amount of said policy, under the last will of said deceased, to the said Elisabeth, widow as aforesaid, and to her assignee, Crittenden. It is further averred that since July 21, 1891, the respondent had notice and knowledge that the proceeds of the said policy were in-

cluded in the inventory of the estate of said deceased, and were claimed to be a part of said estate subject to distribution under said will; that he appeared personally and by counsel in the proceedings connected with the administration of said estate; that he made no objection to said proceeds being considered and distributed as part of said estate, and that the same was done with his knowledge and consent; and that therefore he " is now estopped from setting up any claim to any portion of said proceeds of said life insurance policy." We are satisfied, however, that the case made out by the averments of the answer is lacking in nearly all the essential elements of an estoppel. (*Dean* v. *Parker*, 88 Cal. 283.) It is not averred, for instance, that the appellants did not know, or had no means of knowing, to whom the proceeds of the policy belonged; indeed, it is almost impossible to conceive how, under their averments in the answer, they could have been ignorant of the true state of the title to said proceeds. Moreover, there is no averment that they relied upon the alleged conduct of the respondent, and were induced thereby to deal with said proceeds in manner as alleged in the answer. A contest for the proceeds of the policy could not have been inaugurated by respondent in the probate court.

The judgment is affirmed.

Henshaw, J., and Temple, J., concurred.