[Civ. No. 18865. Second Dist., Div. Three. Apr. 4, 1952.]

Estate of RICHARD CAREW WELFER, a Minor. IDA R. WELFER, Respondent, v. MARGARET IRENE WELFER, Appellant.

Harry M. Irwin for Appellant.

Warner, Peracca & Cowan for Respondent.

VALLÉE, J.—Appeal by Margaret Irene Welfer from an order denying her petition for appointment as guardian of the estate of Richard Carew Welfer, a minor aged 15

years, and appointing Ida R. Welfer as guardian of the estate of the minor.

The sole estate of the minor consists of part of the proceeds of an insurance policy upon the life of his deceased father, Clarence R. Welfer, in which the minor was named as one of the beneficiaries. The policy reserved to the deceased the right to change beneficiaries. The deceased left an holographic will, admitted to probate, which provides: "The insurance money due my son Richard is to be handled and spent by her [Margaret Irene Welfer] for his care and education, when and how she sees fit to do so, with no bond or accounting necessary."

Ida R. Welfer, the mother of the minor, with whom he resides, petitioned for appointment as guardian of his person and estate. Appellant, Margaret Irene Welfer, the widow of Clarence R. Welfer, also petitioned for appointment, but only as guardian of the estate of the minor. Her petition is grounded on the provisions of the will.

The court found that neither of the petitioners is unfit to act as guardian of the estate of the minor; that the minor nominated Ida R. Welfer to act as his guardian and expressed such preference to the court; and concluded that the petition of Ida R. Welfer for appointment as guardian of the estate of the minor be granted, and the petition of Margaret Irene Welfer be denied. An order followed accordingly.

The sole question is whether an individual beneficiary named in an insurance policy upon the life of the insured takes the proceeds by succession upon the death of the insured.

■ Section 1402 of the Probate Code provides: "A parent may appoint a guardian by will or by deed for the property of any child of such parent, living or likely to be born, which such child may take from such parent by will or succession." This section limits the power to appoint a guardian by will to that property of the testator taken by the minor by will or succession. Appellant contends the proceeds of the insurance policy passed to the minor beneficiary by succession, that section 1402 is controlling, and compels her appointment.

■ While in a general sense "succession" refers to the change in legal relations by which one person takes title to any property from another person, we think it apparent that, as used in section 1402, it refers to *succession ab intestato*. Section 200 of the Probate Code defines "succession" as "the acquisition of title to the property of one who

dies without disposing of it by will.'' ▉ ''Succession'' as used in section 1402 is synonymous with ''descent'': the title which is vested in a person by the single operation of law, or the title whereby a person on the death of his ancestor acquires his estate by right of representation, as his heir at law. (*Estate of Miner,* 143 Cal. 194, 198 [76 P. 968].) The word ''succession'' clearly excludes those who take by gift or any form of contract. (*Quarles* v. *Clayton,* 87 Tenn. 308 [10 S.W. 505, 507, 3 L.R.A. 170].) ▉ It is well settled that a beneficiary under an insurance policy takes by virtue of the contract of insurance rather than by the law of succession; that the proceeds do not become a part of the estate of the insured; and the law of descent and distribution has no applicability to such cases. (*Turner* v. *Metropolitan Life Ins. Co.,* 56 Cal.App.2d 862, 865 [133 P.2d 859]; *Estate of Ward,* 127 Cal.App. 347, 359 [15 P.2d 901]; *Heydenfeldt* v. *Jacobs,* 107 Cal. 373, 377 [40 P. 492]; *Burke* v. *Modern Woodmen of America,* 2 Cal.App. 611, 612 [84 P. 275]; 11 Cal.Jur. 466, § 214.)

▉ The fact that the policy reserved to the insured the right to change the beneficiaries is of no moment here. ''The interest of a beneficiary named in a policy in which the insured may change the beneficiary is not a vested right but merely an expectancy of an incomplete and inchoate gift, which is revocable at the will of the insured and which does not become vested as a right until fixed by death.'' (*Blethen* v. *Pacific Mut. Life Ins. Co.,* 198 Cal. 91, 98 [243 P. 431].) The gift becomes complete upon the death of the insured if not revoked. (*Union Mut. Life Ins. Co.* v. *Broderick,* 196 Cal. 497, 506-507 [238 P. 1034].) ▉ Upon the death of the deceased, the minor's right to the insurance proceeds became vested. It follows, therefore, that the minor did not take the insurance proceeds by succession, and that the testamentary appointment of a guardian thereof had no compelling force on the court in making the appointment.

Affirmed.

Shinn, P. J., concurred.

Wood (Parker), J., did not participate.