[No. A024159. First Dist., Div. Five. Aug. 29, 1985.]

Estate of MYRL B. DAVIS, Deceased.
A. F. BRAY, JR., as Special Administrator, etc.,
Petitioner and Respondent, v.
JAMES M. DAVIS, as Personal Representative, etc.,
Claimant and Respondent;
MARGARET LEE WARK, Claimant and Appellant.

COUNSEL

David J. Van Dam, Weltin & Van Dam, Robert Lyle, Robinson, Lyle, BeLaustegui & Robb and Gloria M. Petroni for Claimant and Appellant.

Charles A. Wood, Jr., and Tinning & DeLap for Claimant and Respondent.

OPINION

LOW, P. J.— Upon the death of the depositor, an individual retirement account does not become an asset of the decedent's estate subject to the claim of a judgment creditor, but passes to the named beneficiary.

Appellant Margaret Lee Wark, a judgment creditor of decedent Myrl B. Davis, appeals from the court's order denying a special administrator's petition for an order directing respondent James M. Davis, decedent's son and personal representative, to transfer $176,739 in two individual retirement custodial accounts (IRAs) to decedent's estate. The court found that the IRAs should be paid to respondent as the named beneficiary and are not assets of the probate estate. We affirm.

I

Decedent retired on January 31, 1979, and received $109,945.22 from a retirement account maintained by his employer and $68,357.49 from a deferred profit-sharing account. He made no contributions to either of these accounts. Decedent used these funds to establish two custodial IRAs; he named respondent beneficiary in the event of his death before full distribution of these accounts. In August 1979, decedent was involved in an automobile-motorcycle accident with appellant; he died on August 30, 1979, as a result of his injuries. Respondent was named his personal representative on October 25, 1979. Appellant, who also had been injured in the accident, filed a creditor's claim that respondent rejected. Appellant then filed a personal injury action against respondent in his capacity as decedent's personal representative. While that action was pending, appellant unsuccessfully sought a preliminary injunction to enjoin respondent from using the IRAs. She was successful, however, in removing respondent as a personal representative and replacing him with a special administrator. The special administrator concluded that the IRAs were estate assets and filed a petition on March 28, 1983, for an order directing their transfer. Respondent was reinstated as personal representative when the court denied the petition. Appellant ultimately obtained a judgment against decedent's estate for approximately $300,000, of which more than $150,000 remains unsatisfied.

## II

■ The general rule is that assets are not exempt from the claims of creditors unless specifically exempted by statute. (See *Security-First Nat. Bk.* v. *Pierson* (1934) 2 Cal.2d 63, 65 [38 P.2d 784].) Code of Civil Procedure section 686.020 states that "[a]fter the death of the judgment debtor, enforcement of a judgment against the judgment debtor is governed by the Probate Code." ■ Probate Code section 730 provides that a money judgment rendered against the estate of an intestate is a claim to be paid in the due course of administration; it does not create any lien on real property, cannot be enforced by execution and does not give the judgment creditor any priority of payment. A judgment against an estate is *only* payable in the due course of administration *out of the assets of the estate.* (*Lewis* v. *O'Brien* (1967) 248 Cal.App.2d 628, 631 [56 Cal.Rptr. 749]; *Estate of Dow* (1957) 149 Cal.App.2d 47, 59 [308 P.2d 475].)

■ While the word "estate," when used in the context of probate proceedings, encompasses the totality of the decedent's assets and liabilities (*Estate of Adams* (1957) 148 Cal.App.2d 319, 323 [306 P.2d 623]), property held by the decedent under an express or a constructive trust is not an asset of his estate. (*Henderson* v. *Fisher* (1968) 260 Cal.App.2d 218, 220 [66 Cal.Rptr. 896].) ■ ■ A custodial IRA is not an express trust because there is no intent to establish a trust (see *Reagh* v. *Kelley* (1970) 10 Cal.App.3d 1082, 1089 [89 Cal.Rptr. 425]), and is not a constructive trust because there is no evidence of wrongfully acquired property (see *Martin* v. *Kehl* (1983) 145 Cal.App.3d 228, 237 [193 Cal.Rptr. 312]).

In arguing that a custodial IRA is a trust, respondent interprets the Internal Revenue Code of 1954, section 408 too broadly. Section 408(a) defines an "individual retirement account" to mean a trust created or organized in the United States for the exclusive benefit of an individual or his beneficiaries which meets specified requirements. For the purpose of deferred taxation, "a custodial account *shall be treated* as a trust if the assets of such account are held by a bank . . . and if the custodial account would, *except for the fact that it is not a trust,* constitute an individual retirement account described in subsection (a)." (§ 408(h) of the Int.Rev. Code of 1954, italics added.) The court's finding that the IRAs be treated as trusts is limited to Internal Revenue Code section 408's purpose of tax deferment. ■ An IRA is not a trust created by will or a trust to be entirely administered as part of the estate (cf. Prob. Code, §§ 1138-1138.14).

By naming respondent as beneficiary of both IRAs, consistent with section 408 of the Internal Revenue Code of 1954 and the bank agreements, title vested in respondent upon decedent's death. Since respondent paid no con-

sideration, his designation as beneficiary can be deemed a donative transfer which became complete upon the death of decedent. Respondent was also a third party beneficiary of the individual contracts that were created when decedent deposited his funds into the bank accounts. ▪ On the deposit of funds in a bank, the relation between the bank and depositor is that of debtor and creditor; the contract of the bank is to pay the money deposited only to the depositor or to persons duly authorized by the depositor. (See *Home Escrow etc. Corp.* v. *County of L.A.* (1957) 155 Cal.App.2d 335, 338 [317 P.2d 1021]; *Ogborn* v. *Bank of America T. & S. Co.* (1938) 28 Cal.App.2d 565, 569 [83 P.2d 44].) The proceeds of such transfers do not become a part of the estate: ▪ "[T]he law of descent and distribution has no applicability to such cases. [Citations.]" (*Estate of Welfer* (1952) 110 Cal.App.2d 262, 265 [242 P.2d 655].) Had decedent named his estate as the beneficiary, as allowed by Treasury Regulation section 1.408-2(b)(8), title would have vested in his *heirs* subject to expenses of administration and payment of his debts. (*Estate of MacMillan* (1954) 43 Cal.2d 437, 442 [274 P.2d 662].)

Appellant's argument that the IRAs are subject to federal estate tax has no relevance here. ▪ For the purposes of the federal estate tax, courts must look to state property law to determine the nature of decedent's interest in the property, and to federal law for the nature of the tax, manner or method of its computation and liability for payment. (See *Estate of Johnson* v. *C.I.R.* (5th Cir. 1983) 718 F.2d 1303, 1312; but see *Estate of Johnston by Payne* v. *United States* (N.D.Tex. 1984) 586 F.Supp. 500, 503 [state law not controlling].) ▪ Such tax liability is not determinative of the assets in a decedent's estate since it can be imposed on property that is excluded from probate administration, including revocable trusts, joint tenancy property and life insurance proceeds. (See §§ 2038, 2040, 2042 of the Int.Rev. Code of 1954.)

The court's order is affirmed.

King, J., and Haning, J., concurred.

Appellant's petition for review by the Supreme Court was denied December 19, 1985. Reynoso, J., was of the opinion that the petition should be granted.