**In re Michael GALLOWAY and Sherry D. Galloway, Debtors.**

**James R. Walsh, Esq.,
Trustee, Plaintiff,**

**v.**

**Michael Galloway and Sherry D. Galloway, Defendants.**

**Bankruptcy No. 00–24276–BM.
Motion No. 00–4423M.**

United States Bankruptcy Court,
W.D. Pennsylvania.

Jan. 11, 2001.

James R. Walsh, Esq., Spence, Custer, Saylor, Wolfe & Rose, Johnstown, PA, for Plaintiff.

Charles A. Bierbach, Esq., Huntingdon, PA, for Defendants.

### *MEMORANDUM OPINION*

BERNARD MARKOVITZ, Bankruptcy Judge.

Debtors maintain that an individual retirement account ("IRA") with a declared value of $6,000.00 issued in the name of debtor Michael Galloway is excluded from the bankruptcy estate by 11 U.S.C. § 541(c)(2). If it is not so excluded, debtors alternatively maintain that each of them may take an exemption in the IRA in the amount of $3,000.00 apiece in accordance with 11 U.S.C. § 522(d)(5).

The chapter 7 trustee denies that the IRA is excluded from the bankruptcy estate and instead maintains that it is included therein. He also objects to the $3,000.00 exemption each debtor has taken in the IRA pursuant to § 522(d)(5). According to the chapter 7 trustee, debtor Sherry Galloway may not take any exemption whatsoever in the IRA while debtor Michael Galloway may take an exemption

in the IRA in accordance with § 522(d)(5) only in the amount of $126.03.

We conclude, for reasons set forth below, that the IRA is not excluded from the bankruptcy estate by § 541(c)(2). In addition, we conclude that debtor Sherry Galloway may take no exemption whatsoever in the IRA while debtor Michael Galloway may take an exemption therein in accordance with § 522(d)(5) only in the amount of $126.03.

— FACTS —

The following facts are not in dispute in this matter.

Debtors, who are husband and wife and reside in Pennsylvania, filed a voluntary joint chapter 7 petition on June 2, 2000. A chapter 7 trustee was appointed shortly thereafter.

Included among the assets listed on the schedules was debtors' personal residence with a declared value of $59,000.00 and with $27,000.00 in equity. Also included was an IRA in the amount of $6,000.00 issued by Northwestern Mutual Life Insurance Company. Although it initially was listed as a joint asset, debtors have since conceded that the IRA was issued in the name of debtor Michael Galloway alone, with debtor Sherry Galloway named as beneficiary in the event of his death.

On their original schedules, debtors exempted the full amount of the equity in their personal residence by taking exemptions in the amount of $13,500.00 apiece in accordance with § 522(d)(1) of the Bankruptcy Code. Each of them also took an exemption in the amount of $3,000.00 in the IRA in accordance with § 522(d)(10)(E) of the Bankruptcy Code. In addition, debtor Michael Galloway originally claimed exemptions totaling $6,734.47 in certain other listed assets pursuant to § 522(d)(5) while debtor Sherry Galloway claimed exemptions totaling $3,434.98 in still other assets under the same provision.

After the chapter 7 trustee objected to these initial exemptions, debtors responded by asserting that the IRA was excluded from their bankruptcy estate by § 541(c)(2), as construed in *Patterson v. Shumate*, 504 U.S. 753, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992). They also amended their schedule of exemptions. Instead of claiming exemptions in the IRA in the amount of $3,000.00 apiece pursuant to § 522(d)(10)(E), each of them claimed an exemption in this amount pursuant to § 522(d)(5). The total amounts exempted by debtors Michael Galloway and Sherry Galloway, including the IRA, pursuant to § 522(d)(5) totaled $6,373.98 and $3,078.98, respectively.

The chapter 7 trustee has objected to these amended exemptions. He denies that the IRA is excluded from the bankruptcy estate by § 541(c)(2) and further denies that debtor Sherry Galloway is entitled to take any exemption whatsoever in the IRA. Finally, while conceding that debtor Michael Galloway make exempt a portion of the IRA pursuant to § 522(d)(5), the chapter 7 trustee asserts that the maximum amount he may so exempt under the provision is $126.03 in light exemptions he already has taken in other assets.

A hearing on the chapter 7 trustee's objections and debtors' response thereto was conducted on October 13, 2000, at which time both sides represented that we could dispose of this matter on the basis of certain stipulations. Thereafter they submitted a joint stipulation of facts and issues and briefs in support of their respective positions.

— DISCUSSION —

Debtors and the chapter 7 trustee have stipulated that the issues we must resolve in disposing of this matter are:

(1) whether an IRA of a debtor who is a Pennsylvania resident is excluded from the bankruptcy estate by § 541(c)(2) of the Bankruptcy Code;

(2) if it is not so excluded, whether the exemptions taken by debtor Michael Galloway exceed the maximum amount allowable under § 522(d)(5) of the Bankruptcy Code; and

(3) if it is not so excluded, whether debtor Sherry Galloway may take any exemption at all in the IRA in accordance with § 522(d)(5) of the Bankruptcy Code.

## I.) Is The IRA Excluded By § 541(c)(2) From The Bankruptcy Estate?

■ It is undisputed that debtor Michael Galloway had at least an equitable interest in the proceeds of the above IRA when debtors filed their chapter 7 petition. Except as provided in § 541(b) and (c)(2) of the Bankruptcy Code, any legal or equitable interest a debtor has in property as of the commencement of the bankruptcy case is included in the bankruptcy estate. 11 U.S.C. § 541(a)(1).

Subsection 541(c) of the Bankruptcy Code provides in part as follows:

(1) Except as provided in paragraph (2) of this subsection, an interest of the debtor in property becomes property of the estate under subsection (a)(1) of this section, notwithstanding any provision in ... applicable nonbankruptcy law–

   (A) that restricts or conditions transfer of such interest by the debtor;...

(2) A restriction on the transfer of the beneficial interest of the debtor in a trust that is enforceable under applicable law is enforceable in a case under this title.

11 U.S.C. § 541(c).

The phrase "applicable nonbankruptcy law" found in § 541(c)(2) refers to federal as well as to state law. *Patterson v. Shumate,* 504 U.S. 753, 758, 112 S.Ct. 2242, 2246, 119 L.Ed.2d 519 (1992).

■ An IRA of a debtor in bankruptcy "is completely excluded from ... the bankruptcy estate" if it meets all the requirements of § 541(c)(2). *Orr v. Yuhas (In re Yuhas),* 104 F.3d 612, 614 (3d Cir.), *cert. denied,* 521 U.S. 1105, 117 S.Ct. 2481, 138 L.Ed.2d 990 (1997). The requirements are: (1) the IRA constitutes a "trust" within the meaning of § 541(c)(2); (2) the funds in the IRA represent the debtor's "beneficial interest" in the trust; the IRA is "qualified" under § 408 of the Internal Revenue Code: (4) applicable nonbankruptcy law constitutes a "restriction on the transfer" of the funds in the IRA; and (5) the restrictions are "enforceable under [applicable] nonbankruptcy law". 104 F.3d at 614.

The "applicable nonbankruptcy law" upon which the debtor in *Yuhas,* a resident of New Jersey, relied to exclude his IRA from the bankruptcy estate in accordance with § 541(c)(2) provides as follows:

Notwithstanding the provisions of any other law to the contrary, any property held in a qualifying trust and any distributions from qualifying trust, regardless of the distribution plan elected for the qualifying trust, shall be exempt from all claims of creditors and shall be excluded from an estate in bankruptcy ....

For purposes of this section, a "qualifying trust" means a trust created or qualified and maintained pursuant to federal, including, but not limited to, ... section ... 408 ... of the federal Internal Revenue Code of 1986 (26 U.S.C. § ... 408 ...).

N.J.S.A. § 25:2–1(b).

The sole issue raised by the trustee in *Yuhas* was whether the fourth of these requirements was satisfied—i.e., whether

§ 25:2–1(b) constituted a "restriction on the transfer" of the funds in the IRA. Requirements (1), (2), (3) and (5) were not placed in issue by the trustee in that case and therefore were not addressed by the *Yuhas* court. 104 F.3d at 614. The court concluded that § 25:2–1(b) satisfied the fourth requirement. It rejected the proposition that the phrase "restriction on the transfer" occurring in § 541(c)(2) was lacunal and should be read as "restriction on the *debtor's ability to* transfer". 104 F.3d at 615.

42 Pa.C.S.A. § 8124(b) provides in part as follows:

(1) ... the following money or property of the judgment debtor shall be exempt from attachment or execution on a judgment:...

(ix) Any retirement or annuity fund provided for under section ... 408 ... of the Internal Revenue Code (... 26 U.S.C. § ... 408 ...), the appreciation thereon, the income therefrom, the benefits or annuity payable thereunder and transfers and rollovers between such funds ....

Debtors in this case assert that the above IRA issued by Northwestern Mutual Life Insurance Company in the name of debtor Michael Galloway is excluded from the bankruptcy estate by § 541(c)(2) because § 8124(b)(1)(ix), like § 25:2–1(b), restricts the transfer of a debtor's interest in the IRA. As support for their position debtors cite to *Yuhas.*

Debtors' reliance upon *Yuhas* is insufficient for them to carry the day in this matter. Although *Yuhas* is binding law in the Third Circuit and we must be heedful of its statement of the law, *Yuhas* is not dispositive here. Requirements (1), (2), (3) and (5), we previously noted, were not at issue in *Yuhas.* The chapter 7 trustee in this case, however, denies that requirement (1) is satisfied here. That is to say,

he denies that the IRA constitutes a true trust under applicable nonbankruptcy law. *Yuhas* did not address this issue and cannot be construed as holding that, as a matter of law, an IRA constitutes a true trust under applicable nonbankruptcy law.

Debtors have the burden of proof concerning this issue. They must, in other words, show by a preponderance of the evidence that the above IRA is excluded from the bankruptcy estate by § 541(c)(2). *In re Lowenschuss,* 202 B.R. 305, 313 (Bankr.D.Nev.1996), *aff'd,* 171 F.3d 673 (9th Cir.), *cert. denied,* 528 U.S. 877, 120 S.Ct. 185, 145 L.Ed.2d 156 (1999). Consequently, it is incumbent upon them to prove that the IRA is a true trust.

By its express terms, § 8124(b)(1)(ix) exempts the retirement or annuity fund of a judgment debtor provided for under § 408 of the Internal Revenue Code from attachment or execution on a judgment. Section 408 of the Internal Revenue Code provides in part as follows:

(a) Individual retirement account.—For purposes of this section, the term "individual retirement account" means a trust created or organized in the United States for the exclusive benefit of an individual or his beneficiaries, but only if the written governing agreement creating the trust meets ... [certain] requirements:...

26 U.S.C. § 408.

The language of § 408(a) does not compel the conclusion every IRA necessarily constitutes a trust for purposes of § 541(c)(2) under applicable nonbankruptcy law. *Pineo v. Fulton (In re Fulton),* 240 B.R. 854, 861 (Bankr.W.D.Pa.1999). Subsection 408(a) speaks of IRAs as trust only for purposes of tax deferral. *In re Houck,* 181 B.R. 187, 191 (Bankr.E.D.Pa. 1995). Funds deposited in an IRA are not

treated as income until they are distributed. 26 U.S.C. § 408(d).

IRA's typically are custodial accounts—i.e., a type of agency account in which the custodian has an obligation to preserve and safekeep property entrusted for the benefit of the principal. *Estate of Davis*, 171 Cal.App.3d 854, 857, 217 Cal.Rptr. 734, 736 (1985). The Internal Revenue Code recognizes at 26 U.S.C. § 408(h) that a custodial account IRA is not a true trust.[1]

■ Neither does the language of § 8124(b)(1)(ix) compel the conclusion that an IRA·necessarily constitutes a trust under applicable nonbankruptcy law. It does not speak of IRAs as "trusts" but only as "money or other property" and as a "fund". An IRA is protected under Pennsylvania law against attachment and execution by judgment creditors, not because it is a "trust", but because the General Assembly of Pennsylvania has decided as a policy matter that IRAs should be "insulated from involuntary alienation via a creditor's execution". *In re Houck*, 181 B.R. at 193.

■ For something to qualify as a "true" trust according to Pennsylvania law for purposes of § 541(c)(2) there must be (1) a designated beneficiary: (2) a trustee: (3) a fund sufficiently identifiable to enable title to pass to the trustee; and (4) actual delivery of the trust *res* to the trustee with intent to pass title to the trustee. *In re Houck*, 181 B.R. at 191 n. 9.

We have no basis for concluding that requirement (1), above, is satisfied in this case. Debtors have not, for instance, submitted any written instruments creating the IRA for our review. They evidently regarded the contested question whether the above IRA constitutes a trust as a question of pure law rather than as a mixed question of fact and law. As a result, we must conclude that debtors have not made the requisite showing to have the IRA excluded from the bankruptcy estate by reason of § 541(c)(2). It is an asset of the bankruptcy estate and is subject to administration by the trustee unless debtors can exempt it under any of the provisions set forth at § 522 of the Bankruptcy Code.

## II.) Can Debtors Exempt The IRA?

Section 522 of the Bankruptcy Code provides in part as follows:

(d) The following property may be exempted under subsection (b)(1) of this section:

(1) The debtor's aggregate interest not to exceed $16,150 in value, in real property, that the debtor or a dependent of the debtor uses as a residence . . . .; . . .

(5) The debtor's aggregate interest in any property, not to exceed $850 in value plus up to $8,075 of any unused amount of the exemption provided under paragraph (1) of this section . . . .

(*l*) The debtor shall file a list of property that the debtor claims as exempt under subsection (b) of this section. If the debtor does not file such a list, a

---

1. 26 U.S.C. § 408(h) provides as follows:
   For purposes of this section, *a custodial account shall be treated as a trust* if the assets of such account are held by a bank or another person who demonstrates, to the satisfaction of the Secretary, that the manner in which he will administer the account will be consistent with the requirements of this section, and if the custodial account would, *except for the fact that it is not a trust,* constitute an individual retirement account described in subsection (a). For purposes of this title, *in the case of a custodial treated as a trust by reason of the preceding sentence,* the custodian of such account shall be treated as the trustee thereof.(Emphasis added).

dependent of the debtor may file such a list, or may claim property as exempt from property of the estate on behalf of the debtor. Unless a party in interest objects, the property claimed as exempt is exempt.

11 U.S.C. § 522.

The chapter 7 trustee objects that the $3,000.00 exemption debtor Michael Galloway has taken in the above IRA exceeds the maximum amount allowable in this case under § 522(d)(5), the so-called "wild card exemption". According to the chapter 7 trustee, debtor Michael Galloway can exempt only $126.03 of the IRA in light of other exemptions he already has taken under § 52(d)(5). We agree.

Debtor Michael Galloway, we noted previously, took an exemption in the amount of $13,500.00 in debtor's personal residence in accordance with § 522(d)(1), thereby leaving unused $2,650.00 of the maximum amount exemptible under the provision ($16,150.00—$13,500.00 = $2,650.00). Because no party in interest objected to this particular exemption, it is allowed in accordance with § 522(l).

Pursuant to § 522(d)(5), debtor Michael Galloway has, however, taken exemptions totaling $6,373.97. In addition to exempting $3,373.97 in various and sundry items under § 522(d)(5), he also has taken an exemption in the amount of $3,000.00 in the above IRA.

Although the chapter 7 trustee has objected to the $ 3,000.00 exemption debtor Michael Galloway has taken under § 522(d)(5), no party in interest has objected to the $3,373.97 in exemptions in other items he has taken under this provision. After the exemptions totaling $3,373.97 are allowed, it follows that he may exempt only $126.03 of the value of the above IRA ($3,500.00—$3,373.97 = $126.03). He may not claim the remaining $2,873.97 of the value of the IRA as exempt under § 522(d)(5).

Debtor Sherry Galloway also has taken a $3,000.00 exemption in the IRA in accordance with § 522(d)(5) along with exemptions in various and sundry items totaling $78.98.

The chapter 7 trustee objects that debtor Sherry Galloway may not take an exemption in the IRA in any amount because she had no cognizable interest therein when debtors filed their chapter 7 petition. The IRA, we noted previously, was titled in the name of debtor Michael Galloway only.

Debtors do not contend that debtor Sherry Galloway had any such interest in the IRA. They appear to concede that only debtor Michael Galloway had an interest therein at the relevant time. Notwithstanding this, debtors maintain that debtor Sherry Galloway, who undoubtedly qualifies under § 522(a)(1) as a dependent of debtor of Michael Galloway, nonetheless may take such an exemption in the IRA. Subsection 522(l), they assert, enables debtor Sherry Galloway to apply any unused portion of her § 522(d)(5) exemptions to take exemptions in property owned by debtor Michael Galloway in which he did not take an exemption.

This argument is without merit. Subsection 522(l) does not permit her to do so.

By its express terms, § 522(l) applies when a debtor does not file a list of property that debtor claims as exempt. "If the debtor does not file such a list", a dependent may do so on behalf of the debtor. We have seen, however, that debtor Michael Galloway did in fact file such a list of exemptions. Moreover, we have disallowed all but $126.03 of the § 522(d)(5) exemption he claimed in the IRA.

The legislative history supports this construal of § 522(l). It states that a depen-

dent may file a list of exemptions on behalf of the debtor "if the debtor fails to file the list". H.R.Rep. No. 595, 95th Cong., 1st Sess. 363 (1977); S.Rep.No. 989, 95th Cong., 2d Sess., 77 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5963, 6319, 5787, 5863. This legislative intent is made explicit in Federal Rule of Bankruptcy Procedure 4003(a), which provides as follows:

> A debtor shall list the property claimed as exempt under § 522 of the Code on the schedule of assets required to be filed by Rule 1007. If the debtor *fails* to claim exemptions or file the schedule within the time specified in Rule 1007, a dependent of the debtor may file the list within 30 days thereafter. (Emphasis added.)

Debtor Michael Galloway did not fail to claim an exemption in the IRA in the bankruptcy schedules. He instead claimed a $3,000.00 exemption in the IRA, albeit without success, pursuant to § 522(d)(5). We concluded that he may exempt only $126.03 of the value of the IRA under this provision in light of other exemptions he already had taken thereunder.

It follows from the foregoing that we must sustain the objection of the chapter 7 trustee to the $3,000.00 exemption in the above IRA debtor Sherry Galloway has asserted pursuant to § 522(*l*). Subsection 522(*l*) does not enable her to take such an exemption when she has no cognizable interest in the IRA.

An appropriate order shall issue.

### ORDER OF COURT

**AND NOW** this *11th* day of *January*, 2001, in accordance with the foregoing memorandum opinion, it hereby is **ORDERED, ADJUDGED,** and **DECREED** that:

(1) the individual retirement account issued by Northwestern Mutual Life In-

surance in the name of debtor Michael Galloway is **Not Excluded From The Bankruptcy Estate** by reason of § 541(c)(2) of the Bankruptcy Code;

(2) The objection of the chapter 7 trustee to the exemption in the individual retirement account in the amount of $3,000.00 taken by debtor Michael Galloway in the individual retirement account pursuant to § 522(d)(5) of the Bankruptcy Code is **SUSTAINED.** Said exemption is **ALLOWED ONLY IN THE AMOUNT OF $126.03.** The remaining $2,873.97 of the exemption he has taken in the IRA is **DISALLOWED;** and

(3) The objection of the chapter 7 trustee to the exemption in the individual retirement account in the amount of $3,000 taken by debtor Sherry Galloway pursuant to § 522(d)(5) of the Bankruptcy Code is **SUSTAINED.** Said exemption is **DISALLOWED IN ITS ENTIRETY.**

It is **SO ORDERED.**